### McGRATH *v.* WALSH *et al.*

(*Common Pleas of New York City and County, General Term.* April 1, 1889.)

MASTER AND SERVANT—INJURIES TO SERVANT—RISKS OF EMPLOYMENT.

　　Plaintiff, while in defendants' employ, was injured by the turning of a rung of a ladder which he was ascending. He testified that he had ascended the same ladder 20 times an hour before the accident. There was evidence that two or three rungs were loose. *Held,* that defendants were not liable, whether or not the defect was patent.

Appeal from trial term.

Argued before LARREMORE, C. J., and VAN HOESEN, J.

*Daniel P. Mahony,* for appellant. *Smith & White,* for respondents.

LARREMORE, C. J. The defendants were engaged in erecting a building in One Hundred and Twenty-Fifth street, in the city of New York, and plaintiff was there employed by them as a hod-carrier. On the 20th day of May, 1887, he was ordered by the foreman to carry to one of the upper floors of such uncompleted building a pail of water for use in tempering mortar. He started to ascend a ladder provided and erected by defendants for the use of their employés, having the pail of water in one hand, and he alleges that when near the top thereof a rung of said ladder upon which he stepped turned under his foot whereby he was precipitated to the cellar, sustaining great and incurable injury. His claim for damages is founded upon the allegation that defendants furnished a defective ladder. It is said by RUGER, C. J., in *Cahill* v. *Hilton,* 106 N. Y. 512, 13 N. E. Rep. 339, that "a ladder, like a spade or hoe, is an implement of simple structure, presenting no complicated question of power, motion, or construction, and intelligible in all of its parts to the dullest intellect. No reason can be perceived why the plaintiff, brought into daily contact with the tools used by him, as he was, should not be held chargeable equally with the defendants with knowledge of their imperfections." It appears that the plaintiff in the case at bar for a day and a half immediately before the accident, as well as for a longer period previous to such time, was working upon said house in One Hundred and Twenty-Fifth street, and ascending and descending this identical ladder. He testifies: "The last time I was working previous to this unlucky day and a half, there was a ladder there. I went up and down the ladder. It was the same ladder from which I fell. It was a two-story ladder. I was accustomed to go up and down that ladder many and many a time before. My trips up and down that ladder would average twenty

times an hour. * * * I never felt anything the matter of the ladder before this happened." The effect of this testimony is certainly to establish either that there was no original defect in the ladder discoverable upon inspection, or that, if such defect existed, plaintiff elected to go on working upon it with knowledge thereof. Taking either horn of this dilemma, I think the defendants were entitled to judgment. If there was any patent defect, the rule laid down in *Cahill* v. *Hilton, supra,* makes it incumbent upon the servant, equally as upon the master, to examine the ladder and discover the same; and failure to make such examination and discovery on the servant's part would therefore be contributory negligence. If, on the other hand, the alleged defect in the construction of the ladder was an occult one, which could not have been discovered by inspection, the master was not guilty of negligence. A master is not a guarantor or insurer of the absolute safety of tools or appliances. He is only bound to exercise reasonable care in their selection. *Painton* v. *Railway Co.,* 83 N. Y. 7; *Lee* v. *Steam-Ship Co.,* 6 N. Y. St. Rep. 285. According to the testimony of plaintiff's witnesses and of some of the witnesses for the defense, two or three of the rungs of said ladder were loose at the time of the accident. If this were the fact, plaintiff was clearly negligent in continuing the use of the ladder after he had discovered that such rungs would turn. He must have made such discovery in his use thereof of a day and a half immediately before the accident, unless the looseness came about suddenly, from some hidden cause and without any previous warning; and in this latter event no negligence could be imputed to the defendants, as it nowhere appears that they were careless in the original purchase and selection of the ladder. It follows that in any view of the evidence the complaint should have been dismissed, and the judgment must be reversed, and a new trial ordered, with costs to abide the event.

VAN HOESEN, J., concurs.