EMILY FORD, as Administratrix, etc., Respondent, *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY, Appellant.

F., plaintiff's intestate, was in defendant's employ as a switchman, and while in the performance of his duties as such was struck and killed by timber falling from a passing car, employed by defendant in its business. The accident was the result of an improper loading of the car by its employes.    *Held*, that these employes were the co-employes of the intestate, and for their carelessness the defendant was not responsible.
*Bushby* v. *N. Y., L. E. and W. R. R. Co.* (107 N. Y. 374) distinguished.

(Argued October 22, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo in favor of plaintiff, entered upon an order made July 13, 1888, which denied a motion for a new trial, overruled exceptions, and directed judgment on a verdict, exceptions having been ordered to be tried at first instance at General Term.

This action was brought to recover damages for alleged negligence causing the death of George Ford, plaintiff's intestate.

The decedent was a switchman in defendant's employ, and while engaged in the performance of his duty was struck and killed by timber which fell from a passing car. It was held, by a majority of the court, that the evidence showed undisputedly that defendant furnished proper and sufficient cars for transporting the lumber, and that the accident was caused solely by the negligence of the defendant's employes in loading the car.

The prevailing opinion closes as follows:

" These employes were the co-employes of the intestate, and for their carelessness the defendant is not responsible. In the case of *Bushby* v. *New York, Lake Erie & Western Railroad Company* (107 N. Y. 374), the plaintiff, a brakeman on a car loaded with lumber, was thrown off from the car because an imperfect stake broke while the car was in motion and he was thus injured; and it was held that the defendant was liable on the ground that it had not furnished any stakes for holding the lumber in place after it was put upon the car. The main features of that case are, therefore, unlike those which exist here. This case bears some resemblance to the case of *Byrnes* v. *New York, Lake Erie & Western Railroad Company* (113 N. Y. 251), where a brakeman upon a lumber car was injured because it was improperly loaded; and it was held that the defendant having provided a safe car and a safe system and competent men to inspect it was not responsible for the negligence of co-employes in the performance of their work.

" We are, therefore, of opinion that upon the defendant's motion the court should have directed a verdict in its favor,

and the judgment should, therefore, be reversed and a new trial granted, costs to abide event."

*James Fraser Gluck* for appellant.

*Tracy C. Becker* for respondent.

EARL, J., reads for reversal and new trial; FINCH, PECKHAM and GRAY, JJ., concur; DANFORTH, J., reads for affirmance; RUGER, Ch. J., and ANDREWS, J., concur.

Judgment reversed.