MICHAEL McQUIGAN, Respondent, *v.* THE DELAWARE, LACKA-WANNA AND WESTERN RAILROAD COMPANY, Appellant.

Plaintiff, who was in defendant's employ as a brakeman upon a freight train, while passing from the locomotive of the train over the tender in the discharge of his duties, stepped upon the cover to the man-hole of the water-tank, which, because of its being out of repair, the lining designed to hold it in place having come off, slipped one side, letting his foot down into the man-hole, by reason whereof he was injured. In an action to recover damages, it appeared that it was part of plaintiff's duties to supply the tender with water, which was received into the

tank through the man-hole, the cover being removed by plaintiff for that purpose, and defendant's evidence tended to show that he was, aware of the defect. The court was requested by defendant's counsel, but refused to charge that if the lining was off and plaintiff knew it,. it was negligence on his part to step upon the cover. *Held,* error

(Argued October 30, 1890; decided December 16, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made January 10, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Louis Marshall* for appellant. The defendant's motion for a nonsuit and for the direction of a verdict should have been granted. (*Probst* v. *Delamater*, 100 N. Y. 266 ; *Burke* v. *Wetherbee*, 98 id. 562 ; *King* v. *N. Y. C. & H. R. R. R. Co.*, 66 id. 181 ; *Stringham* v. *Hilton*, 111 id. 196, 197 ; *Harrington* v. *City of Buffalo*, 121 id. 147 ; *Taylor* v. *City of Yonkers*, 105 id. 209 ; *Kaveny* v. *City of Troy*, 108 id. 571 ; *Kinney* v. *City of Troy*, Id. 567 ; *Smith* v. *City of Brooklyn*, 36 Hun, 226 ; *Blakely* v. *City of Troy*, 18 id. 167 ; *Filbert* v. *D. & H. C. Co.*, 121 N. Y. 207 ; *Cahill* v. *Hilton*, 106 id. 512 ; *Marsh* v. *Chickering*, 101 id. 396 ; *Palmer* v. *P. R. R. Co.*, 111 id. 488, 495 ; *Cullen* v. *N. S. M. R. Co.*, 114 id. 45 ; *Bajus* v. *S. B. & N. Y. R. R. Co.*, 5 N. Y. Supp. 804 ; Beach on Con. Neg. §§ 137, 138 ; *Owen* v. *N. Y. C. R. R. Co*, 1 Lans. 108 ; *Wanamaker* v. *Burke*, 111 Penn. St. 437 ; 92 id. 276 ; 5 Am. & Eng. R. R. Cas. 514 ; 11 id. 222, 233.) The court erred in charging on the questions as to the negligence of defendant in having failed to furnish, as claimed by the plaintiff, a suitable cover to this man-hole, that "the company was bound to furnish one, a suitable one, one by its construction, and in its condition, which was not the subject of any external danger in its use." (*Probst* v. *Delamater*, 100 N. Y. 266.)

*Jacob Schwartz* for respondent. The defendant had constructively, if not actual, notice of the unsafe condition of the tank deck. (*Durkin* v. *Sharp*, 88 N. Y. 225; *Vosburgh* v. *L. S. R. R. Co.*, 94 id. 374; *Stackus* v. *N. Y. C. R. R. Co.*, 79 id. 464; *Payne* v. *T. & B. R. R. Co.*, 83 id. 572; *Kain* v. *Smith*, 25 Hun, 146; *Ochsinbein* v. *Shapely*, 85 N. Y. 214.) The failure of the other brakemen upon the train to report to the company the defective condition of the man-hole cover does not relieve defendant's liability. (*Mann* v. *D. & H. C. Co.*, 91 N. Y. 500; *Booth.* v. *B. & O. R. R. Co.*, 73 id. 40; *Pantzar* v. *T. F. I. M. Co.*, 99 id. 368; *Kirkpatrick* v. *N. Y. C. R. R. Co.*, 79 id. 240; *Benzing* v. *Steinway*, 101 id. 547.) The exception to that portion of the charge that the company was bound to furnish a proper and safe cover to the man-hole is untenable. (*Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 521; *Pantzar* v. *T. F. I. M. Co.*, 99 id. 368; *Cone* v. *D., L. & W. R. R. Co.*, 81 id. 206.) Defendant's exception to the charge that if the cover was off and the plaintiff knew it was a fact, the jury might determine whether the plaintiff was guilty of negligence in stepping upon it, is untenable. (*Patterson* v. *P. R. R. Co.*, 18 Am. Rep. 412, 415; *Clark* v. *Holmes*, 7 H. & N. 942; *Driscoll* v. *Mayor, etc.*, 11 Hun, 101; *Darling* v. *Mayor, etc.*, 18 Hun, 340; *Plank* v. *N. Y. C. R. R. Co.*, 60 N. Y. 607; *Snow* v. *H. R. R. Co.*, 8 Allen, 441; *Evans* v. *City of Utica*, 69 N. Y. 167; *Ochsenbein* v. *Shaply*, 85 id. 214, 224; *Bullock* v. *Mayor, etc.*, 99 id. 654; *Pomfrey* v. *Vil. of Saratoga Springs*, 104 id. 459, 469.) The General Term held that the verdict was not excessive. That determination is not reviewable here. (*Peck* v. *N. Y. C. R. R. Co.*, 70 N. Y. 587.)

PARKER, J. This action was brought to recover for injuries sustained by the plaintiff while in defendant's service. The plaintiff alleged, as the basis of defendant's liability, its omission to perform a duty owing to him. November 1, 1883, he was, and for some months prior thereto had been, employed as head brakeman on defendant's freight trains running between

Buffalo and Elmira. His place, when not applying brakes on forward cars, was upon the locomotive, and when directed to do so it was his duty to pass off the locomotive over the tender and on to the cars and apply or loosen the brakes. When injured he was attempting to reach the forward car for such purpose, and in passing from the tender stepped with his left foot upon the man-hole cover. As he did so it slipped to the right, turned on its edge, and his foot passed down into the man-hole, bringing his person in contact with the edge of the iron cover in such manner as to occasion him severe injury. The man-hole was 16½ inches in diameter, surrounded by an iron cylinder extending 10 inches above the deck of the water-tank and closed by a cover. Through it water is taken into the tank, and for that purpose the cover is removed, and should be replaced when the tank is filled. One of the duties of the head brakeman is to supply the tender with water. The cover was made of boiler iron, to the under side of which was bolted a circular piece of two-inch pine plank, the diameter of which was slightly less than that of the hole, so that when placed in position the aperture was securely closed. The plaintiff asserts that the plank was absent from the cover at this time, and for that reason it was not retained in its place, but slid off, resulting in the injury complained of. Without expressing any opinion upon the question whether the evidence presented permitted the finding that the master had failed in the performance of a duty which he owed to the plaintiff, we will briefly allude to an error in the charge of the court which requires a new trial. The court instructed the jury that "if the lining was entirely off from this cover, and the plaintiff knew that it was off, you are to say whether it was negligence upon his part to step upon it in the manner that he claims to have done, and through which this injury occurred." The defendant excepted, and then made the following request: "Now, as a matter of law, I ask the court to charge that 'if the lining was off, and the plaintiff knew it was off, it was negligence upon his part to step upon it under such circumsances.'" The request was denied and

an exception taken.    If the plaintiff, having knowledge of the condition of the cover, stepped upon it, the defendant is not chargeable with the consequences. (*Power* v. *N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 274; *Odell* v. *N. Y. C. & H. R. R. R. Co.*, 120 id. 324.)    It is not pretended that there was any sudden exigency which caused him to step there, nor were any special circumstances adduced for the purpose of explaining how, with knowledge of the situation, he acted as a man without it.    Indeed, his position was that he did not know of the defective cover.    He so testified.    And if the jury had been bound to find in accordance with his testimony, no harm could have resulted from the charge.    But they were not, because (1) he was a party to the action; (2) two witnesses testified that he told them the plank had dropped into the tank; (3) he testified that the tank was filled eight times on the trip.    On some of the occasions he took the water, and on others Campbell; and, further, that "in taking water I would lift the cover and put it on the coal beside me,    *    *    *    put water in and take it back and put it on again."    Clearly, whether he acted with knowledge of the condition of the cover presented a question for the jury, and the defendant, under the circumstances disclosed, was entitled to have the jury instructed that if he did he could not recover.

The judgment should be reversed.

All concur except BRADLEY and BROWN, JJ., dissenting, and FOLLETT, Ch. J., not sitting.

Judgment reversed.