### BOYLAN *v.* BROWN *et al.*

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

ACTION FOR DAMAGES—USE OF DEFECTIVE APPLIANCE—CONTRIBUTORY NEGLIGENCE.

A person who uses a dump on a dock, whose string-piece has been worn down so low as to render it insufficient for its purpose of preventing carts from going over the dump, the defect being obvious, cannot recover damages from the owner of the dock, caused by the use of such defective dump.

Appeal from special term, Kings county.

Action by Patrick S. Boylan, assignee of Thomas Shevlin, against Charles A. Brown and another to recover damages for the loss of a horse and cart caused by a fall from defendants' dumping dock, which was insufficiently provided with means to prevent dumping carts from going over; the string-piece intended for that purpose having been worn down so low as to be no longer safe. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*A. M. & G. Card,* for appellant. *Richards & Brown,* for respondents.

PRATT, J. The point made by the defendants, that, "the alleged defect in the construction and condition of the dump being patent and discoverable upon supervisual inspection, the plaintiff's assignor had the same means of knowledge in regard to it as the defendants; and if it was negligence on the part of the defendants to provide such an appliance for use of the plaintiff's assignor in unloading the horse and cart, it was also negligence on the part

of plaintiff's assignor to drive the horse and cart on such dump,"—is good law, and decisive of this appeal. *Marsh* v. *Chickering*, 101 N. Y. 396, 5 N. E. Rep. 56; *Cahill* v. *Hilton*, 106 N. Y. 512, 13 N. E. Rep. 339; *Splittorf* v. *State*, 108 N. Y. 205, 15 N. E. Rep. 322; *McQuigan* v. *Railroad Co.*, 122 N. Y. 618, 26 N. E. Rep. 13; *McGrath* v. *Walsh*, (Com. Pl. N. Y.) 4 N. Y. Supp. 705. But in addition it may be added that there was no adequate proof that the device for dumping here used was not proper for the purpose it was intended to serve. Again, it is doubtful if the nature or condition of this platform either caused or contributed to the accident, but rather that the accident was proximately caused by fright of the horse or unskillfulness of other drivers using the dump at the same time. A nonsuit was properly granted, and the judgment must be affirmed, with costs. All concur.