payment was made. The defendants took, by the contract, the right
to a conveyance of such riparian interest or right as the plaintiffs
then had and should thereafter acquire in the property, and for
which their application was then pending. This appears by the
terms of the contract. The principle of the case of Murray v.
Richards, 1 Wend. 58, is not deemed applicable to the payment
made in the present case. In that case the transfer of property
was made a condition precedent to payment, and, as the subject-
matter of the contract was destroyed, so that the performance could
not be had, the vendee was entitled to recover back the money
paid by him. In the view taken, the defendants were not entitled to
recover the money they had paid to the plaintiffs.

The judgment should be reversed, and new trial granted, costs
to abide the event, unless the defendants stipulate to exclude from
the judgment the recovery of $1,300, for the money so paid; and in
that event the judgment be so modified, and, as modified, affirmed,
without costs of this appeal to either party. All concur.

---

(11 App. Div. 16.)

## WOODS v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. December 15, 1896.)

1. TRIAL—MISLEADING INSTRUCTIONS—EXCEPTION.
    A party who fears that he may be prejudiced by a misunderstanding of part
    of the charge should request more explicit instructions; and, if he neglects
    this, an exception to that part of the charge is unavailing.
2. MASTER AND SERVANT—DEFECTIVE APPLIANCES—CONDITION AFTER ACCIDENT.
    Evidence of the condition of the brakes of a car 20 minutes after an accident
    to an employé claimed to have been caused by the defective adjustment of
    the brakes, is admissible, where there is no proof of any alteration in that time.
3. SAME—DUTY TO KEEP APPLIANCES IN ORDER.
    A railroad company is liable for injuries to an employé in a collision caused
    by defective adjustment of the brakes of a car, where it is the duty of the
    inspectors in the yards to see that the brakes are in order, and the train hands
    have no duty with the adjustment of them.
    Bradley, J., dissenting.

Appeal from trial term, Queens county.

Action by Arthur R. Woods against the Long Island Railroad Com-
pany for personal injuries. From a judgment entered on a verdict
for plaintiff, and from an order denying a motion for new trial, de-
fendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

William C. Beecher, for appellant.
Augustus N. Weller, for respondent.

CULLEN, J. The plaintiff was in the employ of the defendant
as an expressman. On January 11, 1894, he was in charge of and
engaged in a combination express and baggage car, on a train which
ran from Long Island City to Babylon. On reaching Babylon, the
train was turned, so that the cars should be in their proper order
for running from Babylon back to Long Island City. For this pur-

pose, cars were successively switched on a siding, the cars being "kicked," as it is called, by the engine. At the time of the accident, the plaintiff's car was at rest on the siding. Two other cars were then "kicked" on the siding. These cars struck the car in which the plaintiff was with such force as to crush the platform, and break the glass of the car. The plaintiff was thrown violently against a mail rack and desk, by which he was severely bruised. A wound in the leg shortly afterwards developed sarcoma, and, to save the plaintiff's life, it became necessary to amputate the limb. For the plaintiff, it was contended that the violent collision was caused by the fact that the hand brakes were in such a defective condition as to render it impossible to stop the car. This was denied by the defendant, who maintained that the collision was occasioned by the failure of the brakeman to properly apply his brake in time. The case was submitted to the jury on the question of a defective appliance, and the master's responsibility therefor. The jury found for the plaintiff, and from the judgment entered on that verdict this appeal is taken.

Before we discuss the serious question presented on this appeal, it is well to dispose of some minor objections to the recovery.

On the trial, the defendant excepted to the charge of the court "that the brakeman did all he could with the hand brake." If the court did charge to this effect, it was unquestionably error, and the exception is well taken. But I do not so construe the charge of the trial judge. The judge was stating to the jury the contention on the plaintiff's part. In this connection, and as a part of that claim, he made the statement complained of. He did not intend to assert that such was the fact, nor could the jury so have interpreted his charge. It is true that in the case the objectionable language appears as a single and complete sentence. But speech, apart from the context, does not indicate punctuation, except to a limited extent, by inflections of the voice, as to which the usage of speakers is by no means uniform. Neither the stenographer nor the printer could, by his punctuation of a judge's charge, vary its effect. If the appellant had any fear that the jury would misunderstand the judge's charge in this respect, he should have pointedly asked the court to charge that the question whether the brakeman did use all his power to stop the cars was one of fact for the jury to determine. Not having done so, the exception should not prevail.

Immediately after the injury to the plaintiff, he was taken to a doctor, and returned in some 20 minutes to the scene of the collision. He was allowed to testify, against defendant's objection and exception, as to what he then saw of the condition of the brakes, and the adjustment of the chains and rod. We think this testimony was competent, the lapse of time being so brief, and there being no proof of any alteration in the adjustment of the rod or chains.

We now reach the serious question in this case,—one that is not free from doubt. Assuming the truth of the evidence given on the plaintiff's behalf, the defect in the car was this: Under the car there ran a rod lengthwise with the car. This rod pressed the shoes

or brakes against the wheels. At the ends of this rod are chains, which connect with the foot of the brake staffs. When the brake staff is turned, and the chain is wound around it, power is thus applied to the rod, which presses the shoes on the wheels. It was asserted that the rod was so adjusted on this car that, though the brake chain was wound up as far as possible, it would not press the shoes against the wheels. At the same time, it was conceded that the apparatus was in good condition, and that the alleged failure of the brakes to work, if there was such failure, proceeded from the fact that the rod was not properly adjusted. At each end of the rod were four or five holes, so as to permit the rod to be shortened or to be let out. The question, therefore, is narrowed to this inquiry: Did the failure to properly adjust the rod constitute the car a defective appliance? If so, it was a failure in the duty of the master; and, if the defect proceeded from neglect on the part of any of its servants, the defendant was liable. Or was it a neglect or failure in the detail of the work? If this, then the negligence, if any, was that of a fellow servant, and the defendant was not liable. It is not necessary to cite authorities to sustain either proposition. The two rules are well settled. The question is, which rule applies to the case before us? And in this inquiry we shall refer to some decided cases.

In Bailey v. Railroad Co., 139 N. Y. 302, 34 N. E. 918, the pin at the bottom of the brake staff was missing, and the brakeman, while using the brake, was injured by reason of this defect. It was held, reversing a nonsuit at circuit, that the defendant was liable. That case differs from this in the fact that there part of the appliance was gone. In Bushby v. Railroad Co., 107 N. Y. 374, 14 N. E. 407, the plaintiff, a brakeman, was injured by the breaking of a stake on a platform car, which was loaded with lumber. The material of the stake was improper. On the car were iron sockets, into which the stakes were to be inserted. The evidence showed that the car was loaded, and the stakes furnished, and set in place by the shipper. It was held that the stakes were part of the appliances of the car, and for their condition the company was held responsible. On the other hand, in the case of Byrnes v. Railroad Co., 113 N. Y. 251, 21 N. E. 50, the car was so loaded that the brake could not be used. It was there held, by a divided court, that the improper loading did not render the car a defective appliance, but that it was negligence in the conduct of the work, for which the master was not liable. The same doctrine was held, also, by a divided court, in Ford v. Railway Co., 117 N. Y. 638, 22 N. E. 946.

Tested by these authorities, I think the controlling consideration in the solution of the question before us must be the method in which the operation and business of the railroad were conducted. If it were part of the duty of the train hands to make the adjustment of the brake rods, then I should say that the car furnished in this case was not defective, and that the failure to properly adjust the rod was the negligence of a fellow servant in the conduct of the work. But if the duty of the train hands was only to operate

the brakes, and the duty of adjusting them was imposed on another department which repaired them, and constructed or repaired the appliances of the road generally, then I should say that the car, as furnished, was a defective appliance. If it was the course of business that the car should be furnished with brakes in condition for use by the train hands, I cannot see why the improper adjustment of the parts would not make the appliance defective, in the same sense and to the same extent as if some part of the appliance was defective in character, or was wanting. In the case before us, the evidence as to the operation of the railroad in these respects is meager. But there was no evidence given on the trial, nor was there any claim made on the argument, that the train hands had any duty with the adjustment of the brake rods. The rules of the company would seem to negative such a claim, for the rules require the conductors to report at their trains, and inspect the signals and brakes, to see they are in proper order, but no duty is devolved upon them of remedying any defects. It further appears that it is the duty of the inspectors in the yards to inspect these appliances, and to see that they are repaired or put in proper order. We are therefore of the opinion that the character of the car, as an appliance, must be determined as of the time when it was furnished to the train hands, and that any failure on the part of mechanics or employés up to that time must be deemed neglect in the master's duty of furnishing a safe appliance, and not as that of a fellow servant in the conduct of the work.

The judgment and order appealed from should be affirmed, with costs. All concur, except BRADLEY, J., dissenting.