Second Department, November, 1916.                [Vol. 174.

JOHN FISCHER, an Infant over the Age of Fourteen Years, by FREDERICK FISCHER, His Guardian ad Litem, Appellant, v. W. C. RITCHIE & COMPANY, Respondent.

Second Department, November 2, 1916.

**Master and servant — negligence — injury to employee by nail in hand truck — evidence — motion to strike out — medical witness — refreshing of memory by prior written statement — evidence as to conditions after accident.**

Action by a servant for the alleged negligence of his master in permitting a hand truck to become out of repair, so that when the plaintiff placed his hand in the truck his finger was pierced by a protruding nail. *Held*, on all the evidence, that a judgment in favor of the defendant should be affirmed.

Where a question has been answered the remedy of a party objecting thereto is by a motion to strike out.

Rulings as to the exclusion of questions addressed by the plaintiff to his own medical witness, and as to the right of such witness to refresh his memory by an alleged prior written statement *held* not to constitute reversible error.

Evidence as to the condition of an instrumentality after the accident or casualty may be competent, provided it appear that the condition had not been changed.

APPEAL by the plaintiff, John Fischer, from a judgment of the County Court of Kings county in favor of the defendant, entered in the office of the clerk of said county on the 27th day of October, 1915, upon the verdict of a jury, and also from an order entered in said clerk's office on the 17th day of November, 1915, denying his motion for a new trial made upon the minutes.

*Henry M. Dater* [*Jay S. Jones, Edward J. Fanning* and *L. Victor Fleckles* with him on the brief], for the appellant.

*R. Waldo MacKewan* [*William Butler* with him on the brief], for the respondent.

JENKS, P. J.:

This appeal is taken by the servant from a judgment entered upon a verdict in favor of the master. The servant complains of negligence in that the master suffered a hand truck to

become out of repair so that, when the servant placed his hand in the truck to lift out wares, his finger was pierced by a protruding nail. The case required submission to the jury, and the verdict cannot be disturbed upon the proof.

The first exception argued was taken to a ruling upon a question that was interrupted by the objection, so that the question was never completed and no answer was ever received. The second exception, even if it could have been well taken upon any ground, was of doubtful worth when placed upon immateriality. In any event, the objection came too late, because the question had been answered and the remedy was a motion to strike out. (*Link* v. *Sheldon,* 136 N. Y. 1; *Kennedy* v. *Robins Co.,* 154 App. Div. 819.)

Even if the rulings in exclusion of the questions addressed by the plaintiff to his own medical witness Sheldon were erroneous in that the questions were, within the principle of *Bullard* v. *Pearsall* (53 N. Y. 230) and *Maloney* v. *Martin* (81 App. Div. 432; affd., 178 N. Y. 552), to refresh the memory of the witness and were not violative of the rule declared in *Power* v. *Brooklyn Heights R. R. Co.* (157 App. Div. 400), still there was no reversible error, for the witness first examined the finger some time after the alleged injury. And he did testify that he believed the finger showed injury from a cut, incision, rip or tear. If, when refreshed by his alleged prior written statement, he had given testimony in accord therewith, naturally the proof would have been confined to the injury while the verdict was for the defendant upon the merits. (See *Post* v. *Brooklyn Heights R. R. Co.,* 195 N. Y. 62.) We are not apprised as to the contents of the statement, but we must infer its limitations.

And finally, the exception to an instruction refused by the court was well taken. The instruction read, " that what the foreman found to be the matter with the truck, as stated by him twenty-four hours after, or the following day after the accident, is in no sense whatever any evidence of the condition of the truck at the time of the accident." The condition of an instrumentality after the accident or casualty may be competent, provided it appear that the condition had not been changed. (*Collins* v. *N. Y. C. & H. R. R. R. Co.,* 109 N. Y.

250; *Woods* v. *Long Island R. R. Co.*, 11 App. Div. 16; affd., 159 N. Y. 546; *Tremblay* v. *Harnden*, 162 Mass. 383; Abbott Proof of Facts [3d ed., Lincoln], 348; Thomas Neg. [2d ed.] 1139–1141; Labatt Mast. & Serv. [2d ed.] § 1589.) In the case at bar there was proof from which the jury could infer that the condition of the truck had remained unchanged up to its subsequent inspection by the foreman.

The judgment of the County Court of Kings county is affirmed, with costs.

Present — JENKS, P. J., THOMAS, STAPLETON, MILLS and RICH, JJ.

Judgment and order of the County Court of Kings county unanimously affirmed, with costs.