MICHAEL NOVAK, Respondent, v. MAYK MELNYK, Defendant, Impleaded with OLENA MELNYK, Appellant.

Third Department, November 15, 1928.

*Tillapaugh & Relihan* [*Walter J. Relihan* of counsel], for the appellant.

*Hinman, Howard & Kattell* [*C. Addison Keeler* of counsel], for the respondent.

DAVIS, J. On the 16th of August, 1920, the defendants executed and delivered to plaintiff their promissory note for $250. At the same time the plaintiff delivered to the defendants his check for the same amount which was subsequently indorsed and cashed by them. The note was payable one month after date and we assume that at about the time of its maturity it was duly presented, payment demanded and refused. The defendants are husband and wife.

The action to recover on the note was brought on June 13, 1925. The defendants answered, *first*, admitting the giving of the note for value, and *second*, interposing three affirmative defenses. We need consider but one, to wit, an allegation that in practical effect amounts to payment through the recovery of a judgment which was subsequently satisfied on a judicial sale of property of defendants.

Prior to the making of the note, the parties all resided in New Jersey. The defendant Mayk Melnyk was the owner of real property and engaged in the theatrical business. He became indebted to various persons and on November 16, 1918, conveyed his property to the plaintiff with a declaration of trust the nature of which does not clearly appear, but in part at least it represented an indebtedness owing by him to the plaintiff. The suit in equity evidently was brought by two of the creditors some time prior to April, 1920, to set aside the deed to plaintiff and to satisfy their debts by a sale of the property. The plaintiff and the defendants interposed separate answers.

It was while this suit was pending that the note was given. At this time the defendants were residing on a farm in Tioga county. The plaintiff says the check was given as a loan to enable the defendants to .purchase a power water pump needed at the farm. This suit in equity went to judgment in November, 1920, and it seems that the property was ordered sold and a lien was impressed upon it and the avails arising on the sale for debts owing by defendants to Novak to an amount of $5,250. These facts were developed in the main during the direct and cross-examination of plaintiff on the trial, the defendants seeking to show that the note was included in the judgment in the equity suit. It was this defense that the answer raised. The record in the equity suit did not indicate positively that the amount of the note was included in the judgment. The plaintiff denied that it was so included.

When the defendants took the stand, their line of defense was entirely different from that suggested by the answer. The husband testified that the money was not loaned to purchase a pump, alleging that he already had one. He then proceeded to relate the circumstances under which the note was given. He spoke English rather imperfectly and it is with difficulty that we get a clear conception of his story. We may say, in effect, that it amounted to .stating that the plaintiff came to his farm to induce him to go to New Jersey to attempt to make a settlement with his creditors, before the suit came to trial; that the plaintiff had been trying to make a compromise with the creditors and he needed the assistance of the principal debtor to bring about a composition; that he was willing to join with this defendant in a sale of the property so that the creditors might be paid and .money saved. The defendant at first refused on the ground that he had no time, and then the plaintiff offered to pay $250 for his expenses, if the defendant would go with him and make the attempt. He presented the check and the note and the defendant asked, " what for " he should sign the note? The plaintiff said: " How do I know you go to New Jersey? " He added that he would have something (i. e., the note) to show, and that if defendant went there and made the settlement everything would be all right. The defendant says he agreed and accompanied plaintiff to New Jersey, and made an effort to settle as plaintiff requested, but his efforts were in vain.

It is not entirely clear whether under defendant's theory the plaintiff was advancing the money as a gratuity or whether he was to receive some benefit, either through the payment of the debts owing him, discontinuance or adjustment of the suit without trial, or by obtaining a clear title to the property. But whatever the purpose, the theory is advanced that it was inferable from the

transaction that the plaintiff wanted the defendant to go to New Jersey to make an attempt to settle; that he was willing to pay the expenses; that he demanded some token or assurance in the form of a note that if the defendant received the money he would actually go; and that if he went and made the effort to settle, the obligation on the note should be null.

Of course, no such defense was pleaded in the answer. A timely objection properly made would have excluded the evidence and the defendants would then have been required to apply to the court for leave to amend or would necessarily have submitted to judgment. In view of the fact that it was difficult to determine whether or not this note had been included in the judgment in the equity suit with other debts owing by the defendant to plaintiff, the court would naturally have permitted amendment so that the defendants could have taken advantage of this new and somewhat inconsistent defense, imposing such terms as justice required (Rules Civ. Prac. rule 166. See, also, Civ. Prac. Act, § 434); or the plaintiff being far from home and in possession of all the evidence on the subject, might have elected to go forward with the trial at once after amendment

The difficulty in the plaintiff's present position is, that a considerable part of this testimony was given without objection, and when objection was taken it was " on the ground it is not within the pleadings in this case." This did not call the court's attention sharply to the fact that the answer did not raise the issue. The trial justice during the trial cannot be expected to keep the contents of the pleadings fully in mind for he has not obtained the knowledge of them from hurried examination that counsel possess from having drawn them and prepared for trial. The objection should have definitely informed the court that no such defense was raised in the answer. The common rule is that a general objection to proof offered is not sufficient. (*Reed* v. *Spear*, 107 App. Div. 144; *Cahill Iron Works* v. *Pemberton*, 48 id. 468, 470; affd., 168 N. Y. 649; *Belknap* v. *Sealey*, 14 id. 143; *Tooley* v. *Bacon*, 70 id. 34; *Itasca Lumber Co.* v. *Martin*, 230 Fed. 584; *Curtis* v. *North American Indian, Inc.*, 277 id. 909.) Furthermore, there was no motion to strike out evidence already given, which was the remedy of plaintiff unless he should be deemed to acquiesce in the course the trial was taking. (*Link* v. *Sheldon*, 136 N. Y. 1, 9; *Wightman* v. *Campbell*, 217 id. 479, 482; *Kennedy* v. *Robins Co.*, 154 App. Div. 819, 822.) At any rate, the testimony was received and is before us. At the close of the evidence the plaintiff moved for the direction of a verdict in his favor which was granted. We must, therefore, on this appeal give the defendants the benefit of every fact the jury could have found from the evidence adopting all favorable

legitimate inferences sustaining the defense. (*Matter of Strong,* 179 App. Div. 539; *La Rose* v. *Donnelly,* 219 id. 181.)

We have then evidence that the note was delivered for a conditional purpose and that it was not to be held binding between the parties unless the condition failed. (Neg. Inst. Law, § 35; *Smith* v. *Dotterweich,* 200 N. Y. 299; *Grannis* v. *Stevens,* 216 id. 583.) In *Jamestown Business College Association* v. *Allen* (172 N. Y. 291), upon which authority plaintiff relies to sustain the judgment, it is said (p. 296): " Had the parties agreed that the note should not be regarded as completely delivered until the defendant should take such instructions, or until she could sell her scholarship, it would not have become operative until either of these events had transpired. The agreement which the parties did make was just the reverse of that. * * * It is obvious, therefore, that there is a radical distinction between a conditional delivery, which is not to become complete and effective until the happening of some condition precedent, and a complete delivery, like the one at bar, which is sought to be defeated by subsequent contingencies that may or may not arise. In the one case there is no contract until the condition has been complied with; in the other there is a binding contract, notwithstanding the happening of the contingency relied upon to defeat it." So we may say that regardless of the admission that the note was given for value, and of the verified answer alleging payment, the testimony presented a controverted question of fact as to the consideration, and as to whether the obligation was absolute or conditional. The theory eventually adopted by the defendants was that the note obligated them only if the husband failed to go to New Jersey and seek a settlement with his creditors — having performed that duty the note became void. With this issue presented, it remained a question for the jury to determine which of the inconsistent sworn statements of the principal defendant represented the nearer approach to the truth, and in this state of the evidence a verdict could not be directed for the plaintiff. (*Hagan* v. *Sone,* 174 N. Y. 317; *Greenpoint National Bank* v. *Gilbert,* 237 id. 19.) The question was properly raised by counsel for defendant by exception and request for submission to the jury of the issue of conditional delivery. (*Second National Bank* v. *Weston,* 161 N. Y. 520.)

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

VAN KIRK, P. J., HINMAN, WHITMYER and HILL, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.