VINCENZO CINQUINO, as Administrator, etc., of ROSINO CINQUINO, Deceased, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Fourth Department, March 24, 1932.

*Lee, Brennan & Bastow* [*Earle C. Bastow* of counsel], for the appellant.

*Fred J. O'Donnell,* for the respondent.

Per Curiam. Plaintiff's intestate made no warranties or representations preliminary to the execution and delivery of the insurance policy. However, the policy contained certain conditions, the violation of which would render the policy unenforcible. One of these conditions was the following: " The company assumes no obligation prior to the date hereof * * * if before the date hereof the insured has * * * within two years before the date hereof been attended by a physician for any serious disease or complaint." Plaintiff introduced the policy and letters of administration in evidence, made formal proof of the death of the insured, and rested. The defendant presented testimony to the effect that on February 18, 1925, a physician attended the insured at her home; that she was sick; that she was immediately moved to the hospital in an ambulance; that he attended her at the hospital four or five times the same day and visited her several times a day during her stay at the hospital, which ended on February twenty-first, when she was taken back to her home; that he visited her daily at her home from February twenty-first to April tenth; that he diagnosed her condition; that she was sick and that he prescribed for her. During all of this period the insured was confined to her bed and was unable to sit up. Plaintiff interposed objections based on his privilege to all questions relating to the physical condition of the assured on the date of the policy, and at the time of her physician's visits, and of the cause of her death. (*Travelers Ins. Co.* v. *Pomerantz*, 246 N. Y. 63.) The policy was issued February 1, 1927, and the insured died April 19, 1927. The court directed a verdict in favor of plaintiff under the objection and exception of defendant. We are of the opinion that in that state of the record a fair jury question was presented as to whether or not decedent had been attended by a physician " for any serious disease or complaint " within two years before the date of the policy. We do not deem it necessary that the jury should be furnished the name of the disease or the nature of the complaint to authorize it to find " seriousness " within the fair contemplation of this policy.

The judgment appealed from should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.