VINCENZO CINQUINO, as Administrator, etc., of ROSINA CINQUINO, Deceased, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.*— Judgment and order reversed on the law and the facts, with costs, and complaint dismissed, with costs, on the ground that the finding of the jury that the condition of the policy was not violated was contrary to and against the weight of the evidence. We find the record upon this appeal different from that which was before us on the former appeal (235 App. Div. 104). It now appears that the insured underwent an operation at the hospital within the period referred to in the policy in the clause to the effect that the policy should be void if " the insured has within two years * * * been attended by a physician for any serious disease or complaint." At the operation there were present not only the operating surgeon but two other physicians and during the period at the hospital she was attended by physicians several times a day. These facts are undisputed and establish conclusively a breach of the conditions of the policy. All concur.

SEGLIN-HARRISON CONSTRUCTION COMPANY, INCORPORATED, Appellant, v. ROBERT E. SMITH and Another, Doing Business under the Name and Style of R. E. SMITH COMPANY, Respondents.— Judgment affirmed, with costs. All concur.

EDWARD A. STURCKLER, Respondent, v. JOHN LUX and JUSTICE MOTOR CORPORATION, Appellants.— All concur. Order reversed on the law and facts, with costs, and judgment reinstated. [See *ante*, p. 757.]

JOSEPH STURCKLER, an Infant, etc., Respondent, v. JOHN LUX and JUSTICE MOTOR CORPORATION, Appellants.— All concur. Order reversed on the law and facts, with costs, and judgment reinstated. [See *ante*, p. 757.]

EDWARD A. STURCKLER, Respondent, v. JOHN LUX and JUSTICE MOTOR CORPORATION, Appellants.— All concur. Order reversed on the law and facts, with costs, and judgment reinstated. [See *ante*, p. 757.]

MARTIN T. ERICKSON, Respondent, v. ADRIAN GROBSMITH and Others, Appellants.†— Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs, on the ground that the plaintiff was guilty of contributory negligence as matter of law under all the circumstances disclosed by this record in failing to comply with the statute ▌ *first*, in passing defendant's truck on the right, and *second*, in failing to give the required signal. All concur.

SADIE EASON RIVETTE and Others, Respondents, v. BARKERS RESTAURANT, INCORPORATED, Appellant.— Motion for a reargument denied, with ten dollars costs; motion for leave to appeal to the Court of Appeals denied.

WILLIAM J. DOTY, as Administrator with the Will Annexed of ANDREW DAVIS, Deceased, Respondent, v. NORA CARROLL, as Executrix of the Will of FANNIE KELLY, Deceased, Appellant.— Motion for reargument denied, with ten dollars costs; motion for leave to appeal to the Court of Appeals denied on the ground that leave to appeal is unnecessary.

* Appeal dismissed, 262 N. Y. 641.          † Affd., 263 N. Y. 606.