CONCETTO VECCHIO, as Administrator, etc., of FRANCESCA VECCHIO, Deceased, Appellant, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

Third Department, June 22, 1928.

*John J. Finn,* for the appellant.

*Martin T. Nachtmann,* for the respondent.

WHITMYER, J. The action was brought to recover the sum of $553 upon a policy of insurance, issued on November 12, 1923, by defendant on the life of Francesca Vecchio, the wife of plaintiff. Under the policy, defendant agreed to pay the amount of the insurance to the executor or administrator of the insured, upon receipt of proofs of death made in the manner, to the extent, and upon blanks to be furnished by defendant, to contain the answer

to each question propounded to claimant, to physicians and others, and all the contents thereof were to be evidence of the facts therein stated in behalf of, but not against the defendant. And defendant had the right to declare the policy void and to limit its liability to a return of the premiums paid, on proof that the insured (1) was not in sound health on the date of the policy; (2) had been attended by a physician, within two years before its date, for any serious disease or complaint; and (3) had had any pulmonary disease before said date. She died on January 3, 1924, of pulmonary tuberculosis. On January 5, 1924, plaintiff, claiming as the husband, filed proofs of death, which showed that the cause of death was pulmonary tuberculosis and that deceased had been treated at the Albany Hospital, one year before, by the physician in charge, and a certificate by the last attending physician, showing that his first visit was on December 15, 1923, and his last on January 3, 1924, that pulmonary tuberculosis was the cause of death, that its duration, from personal knowledge, was one month, and that she had been ill several months when he was called. And, indorsed on the certificate, was an admission or agreement on the husband's part that it should be considered as part of the proofs of death under the policy, in accordance with the conditions thereof. Defendant disclaimed liability and offered to refund the premiums which had been paid. The husband was then appointed administrator on June 12, 1924, and commenced the action. No other proofs were filed. The complaint sets up the issuance and delivery of the policy, the filing of the proofs of death and retention thereof without objection, plaintiff's appointment as administrator, and performance of all conditions. The answer sets up breach of the conditions. On the trial plaintiff had the proofs and the certificate marked for identification, proved that they had been in defendant's possession for about two years, proved that his wife had died and that he was the administrator and then rested. Defendant offered the proofs and the certificate in evidence and they were received over plaintiff's objection. It appears that deceased went to the tuberculosis clinic, called the South End Clinic or Dispensary, conducted by the Albany County Tuberculosis Hospital, on September 28, 1920, and was sent to the hospital, where she was treated by the physician in charge from that day until November 13, 1920. She was sick during that time. She appeared again at the Albany Hospital on January 26, 1923, and was at the tuberculosis sanatorium and was treated there continuously from that date until September 6, 1923. She was sick during the entire period. She was referred to another doctor on January 29, 1923, for an X-ray examination of the chest and he found that she was sick. In 1920 she applied to the inspector

of charities for the city of Albany for admission to the sanatorium, stating " that she was sick; that she had T. B.," meaning " tuberculosis," the inspector said, but he could not say just what she said, whether the one or the other. Cases other than tubercular ones were treated at the sanatorium. The evidence is meagre but is sufficient, without the support of the proofs of death, to show a breach of the conditions. However, the proofs of death were competent. Under the policy, filing thereof was a condition precedent to recovery. Claiming as husband, plaintiff filed them before he was appointed administrator and, in his complaint, he alleged that he filed them and had performed all of the conditions of the contract. But the only ones filed were those filed before his appointment. Thus, he adopted them. (*Cirrincioni* v. *Metropolitan Life Ins. Co.*, 223 App. Div. 461, 463.) And he is bound by the statements therein. (*Spencer* v. *C. M. L. Ins. Assn.*, 142 N. Y. 505, 509; *Hanna* v. *Connecticut Mutual Life Ins. Co.*, 150 id. 526, 530, 532.) That was not the question in *Acee* v. *Metropolitan Life Ins. Co.* (219 App. Div. 246, 248). That case involved the question whether or not the representative had waived his privilege, under section 352 of the Civil Practice Act, to object to the testimony of physicians, who attended the insured, that she was suffering from heart and kidney disease long before and at the time the policy was issued, and, connected with it, the question whether or not the proofs, which contained the provision, as here, that they should be evidence of the facts therein stated in behalf of, but not against the company, effected such a waiver, and it was decided that they did not.

The judgment should be affirmed.

VAN KIRK, P. J., HINMAN, DAVIS and HILL, JJ., concur.

Judgment affirmed, with costs.