ARTHUR F. STRANG, as Administrator of the Estate of BERTHA S. STRANG, Deceased, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

(Argued October 23, 1933; decided November 21, 1933.)

*Ralph Earl Prime, Jr.,* and *A. J. Prime* for appellant. Plaintiff's suit as administrator must fail on the ground that he concededly failed to comply with the policies by filing due proof of death; or he must be held to have adopted proofs of death which he presented as an individual prior to his appointment, and be thereby bound by the statements and admissions contained therein. (*Cirrincioni* v. *Metropolitan Life Ins. Co.,* 223 App. Div. 461; *Vecchio* v. *Metropolitan Life Ins. Co.,* 224 App. Div. 301; *McCarthy* v. *Prudential Ins. Co.,* 252 N. Y. 459; *Rudolph* v. *John Hancock Life Ins. Co.,* 251 N. Y. 208.)

*Myron J. Shon* and *Benjamin W. Moore* for respondent. After the plaintiff had pleaded and proven the filing of due proofs of death as required by the policy, their retention without objection and the disclaimer of liability by the offer of compromise on such proofs, the plaintiff made out a *prima facie* case. (*Glazer* v. *Home Ins. Co.,* 190 N. Y. 6; *Hunter* v. *Federal Casualty Co.,* 191 N. Y. Supp. 474; *Cummer Lumber Co.* v. *Associated Mfgrs.,* 73 N. Y. Supp. 668; *Ampersend Hotel Co.* v. *Home Ins. Co.,* 115 N. Y. Supp. 1108; *Davis* v. *America Ins. Co.,* 158 N. Y. 688; *Snell* v. *North British Ins. Co.,* 203 Pac. Rep. 521; *Hessler* v. *North River Ins. Co.,* 207 N. Y. Supp. 529; *Post* v. *A. F. Ins. Co.,* 43 Barb. 351;

*Goodwin* v. *M. M. L. Ins. Co.*, 73 N. Y. 480; *Kernochan* v. *Bowery Ins. Co.*, 17 N. Y. 428; *Goodwin* v. *Massachusetts Life Ins. Co.*, 73 N. Y. 480.) The plaintiff as administrator was not required to adopt the contents of the proofs of death after his appointment as administrator, after having proved a waiver of the materiality of such contents on the part of the defendant. (*Smith* v. *Prudential Ins. Co.*, 132 N. Y. Supp. 529; *Buffalo Loan & Trust Co.* v. *Knights Templar*, 126 N. Y. 450; *Devan* v. *Commercial Travellers*, 36 N. Y. Supp. 931.)

*Irving A. Cook, amicus curiæ.* It is not necessary for the administrator to supply the proofs of death for they may be supplied by any one, or at least any one in the facility of payment class of the policy. (*Kelly* v. *Metropolitan Life Ins. Co.*, 15 App. Div. 222; *Lemmer* v. *Metropolitan Life Ins. Co.*, 225 App. Div. 823; *O' Neill* v. *Buffalo Fire Ins. Co.*, 3 N. Y. 122; *DeWitt* v. *Agricultural Ins. Co.*, 157 N. Y. 353; *O'Malley* v. *People's Building Assn.*, 13 Misc. Rep. 688; *Kernochan* v. *Bowery Ins. Co.*, 17 N. Y. 428; *Trieger* v. *Commercial Travelers Mut. Accident Co.*, 122 Misc. Rep. 159; *Walsh* v. *Washington Marine Ins. Co.*, 32 N. Y. 427; *O'Brien* v. *Phœnix Ins. Co.*, 76 N. Y. 459; *Wuesthoff* v. *Germania Life Ins. Co.*, 107 N. Y. 580; *McDowell* v. *St. Paul F. & M. Ins. Co.*, 207 N. Y. 482; *Delamater* v. *Prudential Ins. Co.*, 5 N. Y. Supp. 586.)

CROUCH, J. The defendant on February 13, 1928, issued two industrial policies on the life of Bertha Strang. Its contract was to pay " to the executors or administrators of the Insured " the amount of the insurance " immediately upon receipt of due proof of the death of the Insured during the continuance of this Policy." But there was also a provision that " This policy shall not take effect if the Insured die before the date hereof, or if on such date the Insured be not in sound health,

but in either event the premiums paid hereon, if any, shall be returned."

Bertha Strang died on January 16, 1929. The plaintiff was appointed administrator on November 30, 1930, and shortly after brought this action on the policies. It is conceded that subsequent to his appointment plaintiff furnished defendant no proof of death. The complaint, however, alleges that " on or about the 17th day of January, 1929, due proof of death * * * was duly furnished to the defendant." The answer denies that allegation and alleges " the fact to be that the plaintiff in this action has never made any proof whatsoever to this defendant of any claim under said policy." Further defenses are fraud in the procurement of the policies, breach of the provision as to sound health at the date of issuance, and tender refused of all premiums received.

Receipt by the defendant of due proof of death was a condition precedent to recovery on the policies. (*Acee* v. *Metropolitan Life Ins. Co.*, 219 App. Div. 246, 248.) The only evidence offered to prove that fact was that the plaintiff on January 17, 1929, which was the day after his wife's death, obtained from the defendant's local office a printed blank form which he filled out, signed and delivered, with another paper, to defendant; that neither of those papers was returned to him; and that later the defendant offered to return the premiums which had been paid. The two papers were produced by the defendant on notice, and at plaintiff's instance were marked for identification. Plaintiff did not offer them in evidence. They were offered by defendant, but were ruled out under the specific objection that they were the act of plaintiff individually and were not binding upon the plaintiff as administrator.

It may well be doubted whether that evidence was sufficient to permit anything but a guess that the papers received by the defendant were proofs of death. And a

guess is not a proper substitute for proof. (*Idel* v. *Mitchell*, 158 N. Y. 134, 138.) Giving plaintiff the benefit of the doubt, however, we are then bound to assume that plaintiff in his capacity as administrator had adopted the proofs of death which he had furnished when seeking payment as husband under the facility of payment clause. These proofs consisted of a so-called claimant's certificate signed by Arthur F. Strang as claimant and a standard certificate of death signed by the physician in attendance. The physician's certificate disclosed the cause of death as carcinoma of the left breast. There was no provision of the policies which required such a certificate. When payment was sought under the facility of payment clause, the defendant had the right no doubt to exact one, since such payment was its privilege and not claimant's right. (*McCarthy* v. *Prudential Ins. Co.*, 252 N. Y. 459, 463.) When payment was sought by the administrator nothing beyond " due proof of death " was required; and that does not necessarily mean a physician's certificate stating the cause of death. But the administrator chose to stand on the proofs already furnished. Those were the proofs which he pleaded and which we are assuming he proved. We come then to the more or less vital question of whether the damaging admission made in the proofs of death was available to the defendant as against this plaintiff.

In *Buffalo Loan, Trust & Safe Deposit Co.* v. *Knights Templar & Masonic Mut. Aid Assn.* (126 N. Y. 450, 457), where a guardian of the property of an infant made a similar admission, it was excluded largely because " His [the ward's] interests are under the protection of the court and it will intervene to relieve the ward from prejudicial conduct on the part of the guardian." There are well established distinctions between an administrator and a guardian, which widen the scope of the former's authority and in substance make applicable to him the general rule applying to admissions by an

agent against his principal. (*Breese* v. *Graves*, 67 App. Div. 322, 327, per HISCOCK, J.) If the admission is pertinent to the performance of an act relating to the estate, so as to be part of the *res gestæ*, it may be binding on the estate. (*Church* v. *Howard*, 79 N. Y. 415, 419; *Whiton* v. *Snyder*, 88 N. Y. 299; *Davis* v. *Gallagher*, 124 N. Y. 487; *Fitzmahony* v. *Caulfield*, 87 Hun, 66; *Breese* v. *Graves, supra;* and cf. *Mooers* v. *White*, 6 Johns. Ch. 360, 373.) That was the rule applied in the more recent cases of *Cirrincioni* v. *Metropolitan Life Ins. Co.* (223 App. Div. 461) and *Vecchio* v. *Metropolitan Life·Ins. Co.* (224 App. Div. 301), though the policies involved in those cases exacted by way of proof of death more than the policies here do. Nevertheless, the physician's certificate now in question was relevant and pertinent to the end in view, that end related to the estate, and the act was part of the *res gestæ*. We think the proofs of death were admissible and that the admission was *prima facie* proof against plaintiff.

The judgments should be reversed and a new trial granted, with costs to the appellant in all courts to abide the event.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.