MINNIE WACHTEL, Appellant, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES and Others, Respondents.

First Department, May 4, 1934.

*Frederick E. Weinberg* of counsel [*Herman A. Gray* with him on the brief; *Maxwell M. Booxbaum*, attorney], for the appellant.

*Peter C. Mann* of counsel [*Alexander & Green*, attorneys], for the respondent The Equitable Life Assurance Society of the United States.

*Louis P. Galli* of counsel; *William B. Crowell* with him on the brief [*William J. Moran*, attorney], for the respondent The Travelers Insurance Company.

*John J. Cunneen* of counsel [*Ross, Dodge & Miller*, attorneys], for the respondent Manhattan Life Insurance Company.

UNTERMYER, J.   The complaint contains three causes of action, one against each of the defendants, wherein it is alleged that the plaintiff, the widow of Otto H. Wachtel and the beneficiary of six policies issued by the defendants upon his life, is entitled to double indemnity because of Wachtel's death on August 10, 1930, in consequence of an accident which occurred on July 10, 1930. The defendants, with the exception of the Manhattan Company, had paid the single indemnity concededly due under the policies. At the conclusion of the entire case the complaint was dismissed and a verdict directed in favor of the defendants, except that the Manhattan Company was required to pay the amount of the single indemnity which had been previously tendered to the plaintiff and rejected by her.

The evidence offered by the plaintiff tended to prove that during the night of July 10, 1930, Wachtel stepped from his bed and injured his left leg.   It was her claim that this accident had produced a thrombo-phlebitis, resulting in the formation of a blood clot, which, becoming detached, eventually passed into the blood stream and lodged in the pulmonary artery of the lung, causing instant death on August tenth.   The defendants offered evidence that Wachtel's death was due to coronary thrombosis, a disease of the heart. They also strongly relied upon the death certificate executed by the attending physician and on the proofs of death furnished by the plaintiff, all of which give coronary thrombosis as the cause of death.

The certificate and the proofs of death were properly received as constituting, *prima facie*, admissions by the plaintiff that the statements which they contained were true.   (*Rudolph* v. *John Hancock Mutual Life Ins. Co.*, 251 N. Y. 208, and cases there cited.)   The plaintiff, however, was not concluded by the certificate and the proofs from establishing the real cause of death.   (*Rudolph* v. *John Hancock Mutual Life Ins. Co.*, *supra; Redmond* v. *Industrial Benefit Assn.*, 150 N. Y. 167, 173; *Hanna* v. *Connecticut Mutual Life Ins. Co.*, Id. 526, 530; *Spencer* v. *Citizens' Mutual Life Ins. Assn.*, 142 id. 505, 509.)   Notwithstanding these, she was entitled to show that the cause of death, which appeared to be coronary thrombosis when the death certificate and proofs of death were filed, on full investigation was ascertained to be a pulmonary embolism resulting from an accidental cause.   The physician who executed the death certificate testified that he had made the diagnosis stated therein without complete investigation of the facts and that it represented only a belief or conjecture on his part.   When subsequently informed of all the facts pertaining to Wachtel's medical history, he concluded that he was mistaken in his first

impression and that pulmonary embolism resulting from the accidental injury was the probable cause of death. It is significant also that the accident which is claimed to have occurred on July tenth is referred to in the proof of death filed with each defendant although Wachtel's death is not attributed to it. In the proof of death filed with the Equitable it is stated that the deceased " suffered accident to a vein in left leg early part of July;" in that filed with the Travelers that the " date and place of accident " were " Accident to left leg early part of July, 1930, at home," and the " Description of accident " is given as " Acute Phlebitis; " in that submitted to the Manhattan Company it is stated that the deceased was treated by a physician for " Acute Phlebitis " on July eleventh, the day following the alleged accident.

It is unnecessary further to recapitulate the evidence, the greater part of which is technical in character. It is sufficient to · say that, after careful consideration, we have reached the conclusion that, unless the plaintiff was precluded by reason of other circumstances, an issue of fact was presented as to whether the insured died of coronary thrombosis or of a pulmonary embolism resulting from injury to his leg, which should have been submitted to the jury. (Lewis v. Ocean Accident & G. Corp., 224 N. Y. 18; Wehle v. U. S. Mutual Accident Assn., 153 id. 116.)

The objection which is principally relied on by the defendants on this appeal, and which appears principally to have influenced the trial judge in dismissing the complaint, is that the plaintiff did not submit to each of the defendants proof of death by " accident " as required by the terms of the policies, because all the proofs of death specify coronary thrombosis as the cause. It is their contention that if thereafter it was ascertained that death was due to accidental means, the plaintiff was required to furnish amended proofs correctly setting forth the cause and making formal claim for the double indemnity for which each policy provides. (Strang v. Prudential Ins. Co., 263 N. Y. 71; Bergholm v. Peoria Life Ins. Co., 284 U. S. 489.) The answer to this contention is that each of the defendants waived any such objection by the position taken when claim for double indemnity was made. Each denied liability entirely on the ground that Wachtel's death was not the result of accident but of disease. After investigation of the plaintiff's claim for double indemnity the Equitable addressed a letter to her attorney, stating: " The investigation made by this Society clearly shows that this man died of acute coronary thrombosis. In view of the foregoing and of the other information obtained by the Society, as above referred to, this Society, of course, denies any liability whatever by reason of any double

indemnity provision which may be contained in the above-mentioned policies." The report of the Equitable's investigator found its way into the hands of the Travelers' claim department and the latter, in turn, made an independent investigation. Thereafter it likewise denied liability for double indemnity and, in transmitting payment of the amount of the single indemnity, wrote: " In view of the fact that claim has been presented by Attorney Greenstein on behalf of Mrs. Wachtel for additional indemnity provision in the contract we suggest that the beneficiary accept the draft endorsing same and thereunder placing any wording which she may deem feasible indicating that the endorsement is without prejudice to an alleged claim under the additional indemnity clause." The Manhattan Company assumed a similar position. Its general counsel wrote to the plaintiff's attorney: " I have not at any time requested you to submit anything to me. The proofs of death submitted by the beneficiary under the above policy show affirmatively, in my opinion, that there was no liability under the double indemnity provisions of the policy. The Company respectfully declines to furnish the blanks you request."

It is very evident, therefore, that when the plaintiff made demand for double indemnity, claiming that death was caused by accidental means, the defendants did not reject the claim on account of any failure to submit further or amended proofs of death, but denied liability only on the ground that death was the result of heart disease. No contention was made then that the proofs, as filed, were inadequate, nor was demand made for additional proofs of death. Had further proofs of death been required they could then readily have been supplied. By failing to insist on this as an objection to the plaintiff's claim the defendants waived objection to the proofs as filed. (*Sherri* v. *National Surety Co.*, 243 N. Y. 266; *Royal Ins. Co.* v. *Martin*, 192 U. S. 149; *Iowa Life Ins. Co.* v. *Lewis*, 187 id. 335; *Knickerbocker Life Ins. Co.* v. *Pendleton*, 112 id. 696; Richards Ins. § 130.) In view of the position which the defendants assumed it would have been a meaningless ceremony to have submitted further proof of death. (*Stokes* v. *Mackay*, 147 N. Y. 223.)

The defendants assert, however, that evidence of waiver was inadmissible under the allegations of the complaint, which alleges full performance by the plaintiff of all conditions precedent (*Ryer* v. *Prudential Ins. Co.*, 185 N. Y. 6; *Kelly* v. *St. Michael's Roman Catholic Church*, 148 App. Div. 767; *Hoffman* v. *Metropolitan Life Ins. Co.*, 135 id. 739; *Allen* v. *Dutchess County Mut. Ins. Co.*, 95 id. 86; *Williams* v. *Fire Association of Philadelphia*, 119 id. 573; 7 Cooley Briefs on Ins. [2d ed.] p. 6058), and that the court was,

therefore, justified in disregarding all this evidence. But if the defendants intended to rely on the objection that the evidence was not within the issues tendered by the pleadings, it was their duty to object upon that ground. (*Novak* v. *Melnyk*, 224 App. Div. 492, and cases cited; affd., 252 N. Y. 558; *Newborn* v. *Peart*, 219 App. Div. 249; *Baumann* v. *Tannenbaum*, 125 id. 770; *Van Almkerk* v. *H. C. S. Motor Sales Corp.*, 208 id. 464.) Yet they made no such objection or contention at the trial. Such of the defendants as objected to the evidence at all, objected only upon other grounds, which were properly overruled. No motion was made at any time to strike out this evidence. Had the objection been taken that evidence of waiver was not admissible under a complaint which alleged performance, a motion could have been made at the trial to amend the pleadings or, if necessary, for the withdrawal of a juror in order to permit such a motion to be made at Special Term. The evidence of waiver was, therefore, properly received and could not be disregarded by the court. (Rules Civ. Prac. rule 166; Civ. Prac. Act, § 434.)

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., and O'MALLEY, J., concur; MERRELL and MARTIN, JJ., dissent and vote for affirmance.

MARTIN, J. (dissenting). The failure to file a proper proof of death by accidental means, or to allege and prove a waiver thereof, was sufficient to defeat plaintiff's claim.

In *Strang* v. *Prudential Ins. Co.* (263 N. Y. 71) the court said: " Receipt by the defendant of due proof of death was a condition precedent to recovery on the policies. (*Acee* v. *Metropolitan Life Ins. Co.*, 219 App. Div. 246, 248.) * * *

" It may well be doubted whether that evidence was sufficient to permit anything but a guess that the papers received by the defendant were proofs of death. And a guess is not a proper substitute for proof."

In the case of *O'Reilly* v. *Guardian Mutual Life Ins. Co.* (60 N. Y. 169) ALLEN, J., wrote the following: " The notice and proof of death required as conditions precedent to a right of action upon the contract were distinct and separate acts. ' Proof ' of death, if seasonably made, might serve for both the proof and notice contemplated, as the more authentic and verified information, contained in the ' proofs,' would ordinarily include all the particulars which would be communicated by the informal notice. But the converse is not true. A mere notice cannot supply the place

of, or dispense with, the more formal proof provided for in the policy."

The same subject was considered by the United States Supreme Court in the case of *Bergholm* v. *Peoria Life Ins. Co.* (284 U. S. 489). In that case (at p. 491) SUTHERLAND, J., said: " Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of *proof* of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums *becoming due after the receipt of such proof.*" (See, also, *Page* v. *Commercial Travelers' Eastern Acc. Assn.*, 225 Mass. 335; 114 N. E. 430.)

The complaint was properly dismissed and the judgment should be affirmed.

MERRELL, J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.