MARY FLYNN, as Administratrix, etc., of PATRICK VERLIN, Deceased, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.*

First Department, July 1, 1937.

* Revg. 162 Misc. 391.

Martin A. Kraus, for the appellant.

Herbert F. Garrick of counsel [Tanner, Sillcocks & Friend, attorneys], for the respondent.

DORE, J. Plaintiff, as administratrix, sued to recover the proceeds of an industrial life insurance policy in the sum of $690 on the life of Patrick Verlin, deceased. The policy was issued without medical examination on January 21, 1935. Five months and ten days thereafter, on July 1, 1935, the insured died. The policy contained a clause the relevant provisions of which are as follows: " If (1) the insured   *   *   *   is not in sound health on the date of issue hereof; or if (2) before the date of issue hereof, the insured *   *   *   has, within two years before the date of issue hereof, been attended by a physician for any serious disease or complaint, or, before said date of issue, has had   *   *   *   disease of the heart, liver or kidneys,   *   *   *,   then, in any such case, the Company may declare this Policy void."

The defendant insurance company denied liability, asserting for a first separate and complete defense a breach of policy conditions in that the insured was not in sound health on the date the policy was issued and had within two years before such date been attended by a physician for serious disease or complaint. It also alleged for a partial separate defense a misstatement of the age of the insured in the policy schedule.

The only issue litigated was the issue of breach of the aforesaid conditions.

The policy was not an accident policy nor did it provide that it should be void if either of the conditions was breached but that " then, in any such case, the company may declare this Policy void." (Italics mine.)   (See Verolla v. Metropolitan Life Ins. Co., N. Y. L. J. Oct. 19, 1935, p. 1380, App. Term, 2d Dept.)   The parties intended that the policy should be effective when issued. No condition precedent is here involved.   The company reserved the right to declare the policy void if it developed that the insured was not in sound health at the date of issuance of the policy or had been attended by a physician for serious disease or complaint during the two years prior to the date of the policy.   Accordingly, the burden was on the defendant to establish the breach before it might avail itself of the remedy thus reserved.   (Keck v. Metropolitan Life Ins. Co., 238 App. Div. 538; affd., 264 N. Y. 422.)

Plaintiff, who was the administratrix, did not, as part of her proof, rely on or submit the death certificate but only the proof of death and the physician's statement in the form supplied by the defendant. In this physician's statement the cause of death was given as coronary stenosis and angina pectoris, duration eleven days, and to the question as to whether the deceased had any chronic disease the physician answered " Not to my knowledge." Defendant, over objection and exception by plaintiff, introduced in evidence the certificate of death, which stated as contributory causes of death " chronic interstitial nephritis, duration six months."

Unless the death certificate was relied on and adopted by the plaintiff as part of the proofs of death, it was not admissible as evidence of the cause of death. (*Beglin* v. *Metropolitan Life Ins. Co.*, 173 N. Y. 374; *Davis* v. *Supreme Lodge, Knights of Honor*, 165 id. 159; *Buffalo Loan, T. & S. D. Co.* v. *K. T. & M. M. A. Assn.*, 126 id. 450, 458; *Cirrincioni* v. *Metropolitan Life Ins. Co.*, 223 App. Div. 461.) It is not clear from the evidence adduced that the transcript of the record of death issued by the health department was filed as part of the proofs of death. The defendant's witness David Berger, the agent who procured the insurance, testified that the certificate was handed to him not by plaintiff but by Mrs. Shanley, a cousin of the deceased, when she presented the claim, but he qualified his testimony by saying " if I am not mistaken." Bessie Shanley, also called by the defendant, stated that she got the death certificate and gave it to the agent. An examination of her testimony shows that she was incapable of understanding the distinction between the transcript of death offered by the defendant and the physician's statement annexed to the proof of claim relied on by the plaintiff. Even if the transcript was given to the defendant's agent by Bessie Shanley, there is no positive proof that it was filed as part of the proofs of death. In any event, on this record it cannot be said that plaintiff adopted the certificate as part of plaintiff's proof of death.

Assuming, however, that there was sufficient to show that the transcript of death was submitted with the other proofs of death and adopted by plaintiff, at best this raised an issue of fact as to whether or not the deceased had chronic interstitial nephritis for a period of six months before his death. This is not a case in which the plaintiff offered no evidence as to the physical condition of the insured. Plaintiff, by cross-examination of the doctor who filed the physician's statement and made out the death certificate, and also by the testimony of a physician called by the plaintiff who had examined the insured and testified that he could not have had chronic interstitial nephritis, clearly raised an issue of fact for

the jury. That issue was submitted to the jury by the trial court on a charge more favorable to the defendant than the defendant was entitled to, as the court charged that the burden of proof was on the plaintiff to establish that the insured was in sound health on the date of the issuance of the policy and had not been attended by physicians for serious disease for two years before such date. The jury resolved that issue in favor of the plaintiff, and it cannot be said that it is not supported by the evidence.

The court, in its charge, without objection by the defendant's counsel, stated that the issue raised by the partial affirmative defense as to misstatement of age was not before the jury. Accordingly, that issue was out of the case.

The Appellate Term reversed on two grounds: That the plaintiff failed to sustain the burden of proof as to sound health and also that it was incumbent upon the plaintiff to show that the age given by the insured in his application was his correct age. The application was not in evidence and the issue as to a misstatement concerning age was withdrawn from the jury without objection; and, as pointed out above, in view of the language of the policy, the intimation that the burden was on the plaintiff to show fulfillment of the conditions mentioned was error.

After carefully reviewing the evidence, we reach the conclusion that there was no material, prejudicial error in the record requiring judgment absolute against the plaintiff on her stipulation.

The determination of the Appellate Term reversing the judgment of the Municipal Court and ordering a new trial should be reversed, and the judgment of the Municipal Court affirmed, with costs to the plaintiff in this court and in the Appellate Term.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Determination of the Appellate Term unanimously reversed and judgment of the Municipal Court affirmed, with costs to the plaintiff in this court and in the Appellate Term.