MARY T. MCCAFFRY, as Administratrix, etc., of JAMES MCCAFFRY, Deceased, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Westchester County, June 26, 1939.

*Arthur O. Lepinski*, for the plaintiff.

*Henry R. Barrett*, for the defendant.

PATTERSON, J. On May 31, 1926, defendant wrote two policies for $200 each upon the life of James McCaffry. The policies provided that the insurer should pay the amount " upon receipt of due proof of the death of the insured, in the manner to the extent and upon the blanks required herein * * * to the executor or administrator of the insured, unless payment be made under the provisions of the next succeeding paragraph." The agreement for payment was stated to be " subject to the conditions below on page 2 hereof, each of which is hereby made a part of this contract " and " upon surrender of this policy and proof of premium payment thereunder."

The " conditions " on page 2, so far as material, are,

" If (1) the insured * * * is not in sound health on the date hereof; or if (2) * * * the insured * * * has, within two years before the date hereof, been attended by a physician for any serious disease or complaint, or before said date has had any pulmonary disease, or chronic bronchitis or cancer, or disease of the heart, liver or kidneys * * * then, in any such case, the company may declare this policy void and the liability of the company in the case of any such declaration or in the case of any claim under this policy, shall be limited to the return of premiums paid on the policy. * * *

" Proofs of death shall be made upon blanks to be furnished by the company and shall contain the answer to each question propounded to the claimant, to physicians and to other persons, and shall contain the record, evidence and verdict of the coroner's inquest, if any be held. All the contents of such proofs of death shall be evidence of the facts therein stated in behalf of, but not against the company."

The policy also contained a " facility of payment " clause, " provided herein to the * * * wife, or relative by blood, or connection by marriage of the insured * * * and the production of a receipt signed by either of said persons shall be conclusive evidence that all claims under this policy have been satisfied."

The insured died on October 16, 1926. Margaret McCaffry, the widow, on or about December 8, 1926, presented proofs of death including a statement by a physician, admitted for the limited purpose of showing settlement with her, which did not state the cause of death but stated that the deceased was afflicted with chronic nephritis and that he had treated him on two previous occasions for chronic bronchitis. The company paid her the amount of premiums

on each policy, amounting to twenty-one dollars, and, on November 1, 1927, obtained from her a receipt and release by which, in consideration of that payment, she released the company, " From all manner of claims and demands whatsoever, arising under or by reason of the above numbered policy or policies."

The plaintiff, a daughter of deceased, was granted letters of administration upon his estate on May 12, 1936; on December 10, 1937, she submitted to the defendant proofs of death upon blanks furnished by the company; the physician refused to answer the questions relating to the cause of death, whether he had suffered from tuberculosis, or any chronic disease, and as to any diseases for which he had previously treated him.

The general counsel for the company returned the proofs on December 24, 1937, stating that they did not meet the requirements of the policy, quoting the policy provision as to proofs of death.

This action was thereafter brought. The complaint alleges the issuance of the policies, the death of the insured on October 16, 1926, the return of the policies and premium receipt books, the application by plaintiff for blank forms for proofs of death and that due proof thereof was furnished by the administratrix; that defendant waived the provisions of the policy regarding the giving of due proof of death and demands judgment for the face of the policies. The answer admits the issuance of the policies, the death of the insured on October 16, 1926, and denies the remaining allegations of the complaint; it also sets up four separate defenses:

(1) That on the date the policy was issued the insured was not in sound health and within two years before he had been attended by a physician for a serious disease and before that date had had a disease of the liver or kidneys and no waiver of these conditions had been indorsed upon the policy;

(2) That acting under the facility of payment clause Margaret McCaffry, the widow, submitted proofs of death as to the company in October, 1926, accompanied by a statement of a physician showing that he was not in good health when the policy was issued and had been attended within two years by a physician for a serious complaint; that the company then declared the policy void, notified the widow, returned the premiums paid to her and received her release, by which payment all claims under the policy were satisfied, being in lieu of any payment to be made to the administrator;

(3) That Margaret McCaffry made claim as wife of the insured and released all claims and gave defendant a release;

(4) That all claims and demands of the plaintiff and all other persons have been fully paid and satisfied.

At the trial the complaint was amended to include an allegation that long prior to the appointment of plaintiff as administratrix the

defendant " disclaimed all liability under the said policy and declared the said policy void on or about the 28th day of December, 1926," and the answer was amended to state that upon the making of a claim by the widow of the insured the defendant disclaimed liability, except that it admitted that its only liability was for a return of the premiums paid under the facility of payment clause to the widow.

At the trial, after offering the policies in evidence and the proofs of death sent to the defendant by the administratrix, the letters accompanying their return and the letters of administration, the plaintiff rested.

The defendant called Mrs. McCaffry, the widow, who testified that she took out the two policies for her husband, paid the premiums on them, that after his death she delivered the policies and the premium receipt book to the collector and signed a proof of death and the physician's statement. The two latter papers were admitted in evidence " for the simple purpose of showing the company exercised its right under the facility of payment clause after claim was made and paid an amount thereunder," counsel for defendant admitting that he did not claim that they " are binding upon the administratrix of the admission of the facts contained in the papers." Defendant then called Dr. Martin, who testified that he treated the insured five or six times at his house two years previous to his death, that the times he treated him extended as far back as 1925; at the time he treated him he was in bed; he called " several times at his house " " apparently two years previous to " the time he died.

The claims of the plaintiff are that the proofs of death filed by her were all that defendant could lawfully demand; that in any event proofs were waived or unnecessary; and that the transactions between defendant and the widow have no effect upon her claim as administratrix. The defendant claims that proper proofs of death were a condition precedent to recovery and inasmuch as all the questions upon the blanks furnished were not answered plaintiff's case must fail; and that the return of the premiums to the widow under the facility of payment clause was a settlement which bars the plaintiff from recovery.

As to the last contention of defendant it would seem to be answered in the negative by the case of McCarthy v. Prudential Ins. Co. (252 N. Y. 459). There the company paid $275 to a sister of insured to satisfy a claim of $392. It was held that the administrator could recover the balance. The case turned, not upon the good faith attending the payment to the sister, but upon the fact that the claim belonged to the estate, subject to the company's right to pay any relative. If a payment of a part of the face of the policy cannot be made to a relative under the facility of payment clause in satis-

faction of the policy, we cannot see how the company can bind an administratrix by a declaration that the policy is void and the return of the premiums to a relative by blood or marriage. The provision was obviously inserted in the policy, not to allow the company to contest the policy with a near relative of the deceased, but to allow it to pay the amount in good faith to such relative. In all the cases relied upon by the defendant, payment has been made in full and the policy has not been contested. It follows that the second, third and fourth defenses cannot be sustained.

In support of the first affirmative defense defendant claims it has established a *prima facie* case by the testimony of Dr. Martin as to the times that he attended insured and that he was in bed at the time, counsel conceding that the statements in the physician's proof of death, received for the purpose of showing a settlement in good faith with the widow, and not " binding upon the administratrix of the admission of the facts contained in the papers." The testimony of the physician falls far short of warranting an inference that the insured was, at the few times he treated him, either seriously ill, or suffering from any of the ailments set forth on page 2 of the policies as a reason for their avoidance. The mere fact of a patient being in bed does not justify an inference that he is suffering from a serious or chronic disease. The cases relied upon by defendant are different in point of fact. In *Cinquino* v. *Metropolitan Life Ins. Co.* (235 App. Div. 104) the insured had been confined to bed for two months in a hospital. In *Keck* v. *Metropolitan Life Ins. Co.* (238 App. Div. 538) the application stated that the insured had not been attended by a physician in five years and it was shown that he had been confined to bed for three consecutive days and that a doctor had been called in to treat him; the mere fact that the assured had been attended by a physician, therefore, placed upon the plaintiff the burden of showing that the misrepresentation in the application for insurance was not material. In the present case there is no formal application and no representation. *Travelers Ins. Co.* v. *Pomerantz* (246 N. Y. 63) also related to an untrue statement in the application and it appeared that at least one consultation of physicians had been held. In the present case we do not believe the facts raise a fair presumption that the insured was suffering from " a serious disease or complaint " and the burden of proof in this connection is upon the defendant. (*Flynn* v. *Metropolitan Life Ins. Co.*, 252 App. Div. 78; *Lampke* v. *Metropolitan Life Ins. Co.*, 279 N. Y. 157.) These considerations require a dismissal of the first affirmative defense.

A novel and more difficult question arises with regard to the sufficiency of the proofs of death submitted by the plaintiff and returned by the defendant upon the ground that they were insuffi-

cient. Of course, due proof of death is a condition precedent to recovery, as a plaintiff must show that the insured is dead before recovery of the insurance. This is recognized in many cases. (*Acee* v. *Metropolitan Life Ins. Co.*, 219 App. Div. 246; *Cirrincioni* v. *Metropolitan Life Ins. Co.*, 223 id. 461; *Strang* v. *Prudential Ins. Co.*, 263 N. Y. 71.) But the latter case says that " When payment was sought by the administrator nothing beyond ' due proof of death ' was required; and that does not necessarily mean a physician's certificate stating the cause of death." The present policies read " due proof of the death of the insured made in the manner, to the extent, and upon the blanks required herein " which " shall contain the answer to each question propounded to the claimant, to physicians and to other persons," and which " shall be evidence of the fact therein stated in behalf but not against the company."

Certainly, due proof of death would comprise any fact relevant to the fact of death and the identity of the insured and questions directed to these particulars are proper and should be answered by the claimant, the physician, or any other person. But questions that go far beyond this and relate to previous treatment of the insured for ailments would seem to be without the proper scope of inquiry. The policy is conditioned upon death from any cause; what the insured may have suffered from previously, or, in fact, the actual cause of death are elements that are immaterial to the fact of death. A claimant is, therefore, justified in declining to give information or to direct a physician to disclose matters that do not relate to the fact of death or to the identity of the insured. (*Insurance Cos.* v. *Weides*, 14 Wall. 375; *Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410.)

In the statement submitted by the administratrix she gives the date and place of death of the insured and states that she does not know the cause of death of the insured, when deceased consulted any physician or the names of any physician or dates of his attendance. She declines to agree that the certificate of the physician " shall be considered as a part of the proof of death." She had a right to do so as the questions related in part to information regarding previous complaints, history, treatments, etc., not relating to the fact of death — such are the questions numbered 6, 11, 12, 17 and 19.

The physician's statement gives the date and place of death, declines to give the cause of death and to state whether the insured ever suffered from tuberculosis or any chronic disease, whether any of his family died of tuberculosis, and details as to any previous diseases for which he treated deceased, upon the grounds that such answers would involve a disclosure of information acquired in the course of treatment and were, therefore, privileged.

While there is much to be said in favor of plaintiff's contention that the questions in the forms furnished call for answers from the physician relating to facts which he would not be permitted to disclose upon a trial in the absence of a waiver by the administratrix, it is unnecessary to discuss this in view of the fact that the claimant and physician have answered as fully as they can all questions material to the fact of death.

And, furthermore, the answer admits in the third paragraph that " the insured died on or about the 16th day of October, 1926." This admission of the fact of death would apparently render any further proof of that fact, upon which defendant's liability depends, unnecessary in an action upon the policy.

The case is distinguishable from *Rudolph* v. *John Hancock Mut. Life Ins. Co.* (251 N. Y. 208); *Strang* v. *Prudential Ins. Co.* (263 id. 71); *Cirrincioni* v. *Metropolitan Life Ins. Co.* (223 App. Div. 461), and *Vecchio* v. *Metropolitan Life Ins. Co.* (224 id. 301), as in each of these cases plaintiff adopted previously filed proofs of death in which he, individually, had agreed that the answers made by the physician should be considered a part thereof, and was, therefore, bound by their contents. Here, plaintiff relies only upon the admission in the answer and the proofs of death filed by her, in which all questions as to the fact of death appear to be answered.

Nor is the fact that the premiums were paid by the widow sufficient to constitute her the equitable owner of the policy; by its terms the benefits were payable to the executor or administrator and not to her and the proceeds belonged to the estate; the defendant, had it desired to contest the claim and extinguish its liability upon the policy, should have then insisted upon the appointment of an administratrix and litigated the question of its liability, in which event any result by action or compromise would have been final.

Judgment is granted in favor of plaintiff for the amount of the policies, less the premiums returned to the widow.