MARY T. McCAFFRY, as Adimnistratrix, etc., of JAMES McCAFFRY, Deceased, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.*

Second Department, March 10, 1941.

---

* Affg. 172 Misc. 252.

Arthur D. Brennan [*James D. Hopkins* with him on the brief], for the appellant.

Arthur O. Lipinski, for the respondent.

HAGARTY, J. Plaintiff-administratrix, by the judgment we are reviewing, has recovered the proceeds of two identical industrial insurance policies, each in the sum of $200, issued by defendant on the life of her father, the intestate, on May 31, 1926. The applications for the policies were not annexed to the policies. The insured died on October 16, 1926.

The policies obligated the insurer " to pay upon receipt of due proof of the death of the Insured, made in the manner, to the extent and upon the blanks required herein, and upon surrender of this Policy and evidence of premium payment hereunder, the amount stipulated in said Schedule, to the executor or administrator of the Insured, unless payment be made under the provisions of the next succeeding paragraph." The next succeeding paragraph is the usual facility of payment clause, entitling the defendant to make payment to the wife of the insured, among others, and providing that the production of a receipt signed by such person, or of other proof of such payment, " shall be conclusive evidence that all claims under this Policy have been satisfied."

The widow, Margaret McCaffry, shortly after the death of the insured, submitted proofs of death and surrendered the policies and premium receipt book to the defendant for the purpose of receiving " whatever was coming to me." The policies further provided that if the insured was not in sound health on the date of

issuance of the policies, or if within two years prior thereto he had been attended by a physician for any serious disease or complaint, the company might declare the policy void and its liability limited to the return of the premiums paid. Claiming that these conditions had been breached, the defendant offered, and the widow accepted, the return of the premiums which had been paid in the total sum of twenty-one dollars. Thereupon the widow executed and delivered to defendant an instrument dated November 1, 1927, releasing it "from all manner of claims and demands whatsoever, arising under or by reason of the above numbered policy or policies."

This action upon the policies was commenced on January 8, 1938, letters of administration having been issued to plaintiff on the 12th of May, 1936.

Appellant contends that it discharged its obligations under the policies pursuant to the facility of payment clauses by making payment of the premiums to the widow of the insured who had claimed the proceeds. We are of opinion that the learned Trial Term justice correctly held this defense insufficient. The defendant cannot avoid liability under the policies for breach of condition and at the same time claim to have made payment under the policies in accordance with their terms by returning the premiums paid. It could not, in any event, fully discharge its obligation under the facility of payment clause by making payment to the widow of a sum less than the full amount due under the policy as a valid instrument. The claim belonged to the estate, and avoidance of the obligation could not be predicated upon the purported release by one other than a representative of the estate upon payment of a lesser amount. (*McCarthy* v. *Prudential Ins. Co.*, 252 N. Y. 459.)

The second of appellant's contentions is that respondent did not satisfy the condition precedent to payment required in the following provision in each of the policies: "Proofs of death shall be made upon blanks to be furnished by the Company and shall contain the answer to each question propounded to the claimant, to physicians and to other persons, and shall contain the record, evidence and verdict of the coroner's inquest, if any be held. All the contents of such proofs of death shall be evidence of the facts therein stated in behalf of, but not against, the Company."

The insured thus took the policies with the fair understanding that his beneficiary would be required to furnish proof of the fact of his death by the use of and upon the blanks of the company before payment would be made. "Proofs of death," and nothing more, are contemplated by this provision. There is nothing therein contained imposing any obligation to furnish the company with information as to the cause of death or of the insured's medical

history. It is, of course, well settled that the terms of the policy will be construed strictly against the insurer. ANDREWS, J., in *B. L., T. & S. D. Co.* v. *K. T. & M. M. A. Assn.* (126 N. Y. 450, 453, 454), writes: " But the insurer cannot under guise that the requirement that ' satisfactory proof ' of the death of the assured should be given, demand information of the cause of the death. This would be a different subject. The information, however important it might be in its bearing upon a death from the excepted causes, nevertheless has no relation to the one fact which alone the claimant is bound to embrace in his proofs." To the same effect is the opinion by CROUCH, J., in *Strang* v. *Prudential Ins. Co.* (263 N. Y. 71) where it was written (p. 75): " When payment was sought by the administrator nothing beyond ' due proof of death ' was required; and that does not necessarily mean a physician's certificate stating the cause of death."

Thus, although respondent was required to furnish proof of death upon the blanks of the company, and so to furnish answers to all questions bearing upon that subject, she was not required to furnish answers to questions which related to any subject other than the one designated in the policy provision. Had she done so, such answers might have been used by the defendant to avoid the policies on the ground that they were *prima facie* evidence of voluntary admissions. (*Rudolph* v. *John Hancock M. L. Ins. Co.*, 251 N. Y. 208.)

We are of opinion, therefore, that the respondent was not required to furnish answers to questions relating to the cause of death and eliciting the medical history of the insured. Her answers to such questions were laconic disclaimers of knowledge. The submitted statement of the physician discloses that he refused to answer questions of similar character.

Finally, the refusal by the respondent to verify the proof of death was not a breach of the condition precedent. Appellant cites and relies upon *O'Reilly* v. *Guardian Mutual Life Ins. Co.* (60 N. Y. 169) in support of its argument that the proof should have been verified. The *O'Reilly* case enunciated no such rule of law. That case went no further than to hold that the notice there, which took the form of a letter written to the company, was insufficient. The court in its opinion disclaimed any intention to say " what proof would answer the call of the policy." In any event, the appellant here conceded that the insured was in fact dead. The judgment will not be reversed because respondent has failed to perform a meaningless act.

The judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and TAYLOR, JJ.

Judgment unanimously affirmed, with costs.