HENRIETTA MAER (Substituted for IRWIN M. MAER, Deceased), Appellant, *v.* NATIONAL CASUALTY COMPANY, Respondent.

First Department, April 22, 1943.

*George Ginsburg* for appellant.

*Otho S. Bowling* for respondent.

CALLAHAN, J. The uncontradicted testimony of the physician who treated the insured showed that after an illness which

originated on or about April 26, 1941, the latter was permitted to return to his office to do light tasks between August 1 and September 19, 1941, despite the continuance of the disabling disease with which he was afflicted. This course was followed in order to impress the patient with the idea that he could get well, though he was in fact suffering from an illness believed to be fatal, and which resulted in death shortly after the end of the policy coverage. The course was recommended by the doctor as part of the medical treatment, because of the patient's depressed mental condition. After trying this course of treatment for a short time the insured suffered a relapse and was compelled to remain at home. No claim was made for disability payments between August 1 and September 19, 1941. This was because the policy only insured against actual loss from disability resulting from sickness during the term of the insurance.

The policy contained a provision that it was to continue in force until terminated by the company. Acting under this clause the defendant company cancelled the policy on or about June 22, 1941.

The policy further provided, however, that cancellation should be without prejudice as to any claim originating prior thereto.

We think that the testimony warranted a finding by the trial court that the insured was at all times after April 26, 1941, and up to the date of death, wholly and continuously disabled by sickness, and prevented from performing any and every duty pertaining to his occupation, within the meaning of the policy, and that he had a valid claim for the number of weeks sued for, which claim originated prior to cancellation.

Plaintiff's waiver of the payments during the period when he attended his office, as part of his medical treatment, did not alter the continuing nature of the original disability.

The determination of the Appellate Term should be reversed, with costs to the plaintiff in this court and in the Appellate Term, and the judgment of the Municipal Court affirmed.

UNTERMYER, DORE and COHN, JJ., concur; MARTIN, P. J., dissents and votes to affirm.

Determination of the Appellate Term reversed, with costs to the plaintiff in this court and in the Appellate Term, and the judgment of the Municipal Court affirmed.