JULIUS BREITBART, Appellant, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.

Supreme Court, Appellate Term, First Department, June 29, 1944.

*Bernard Breitbart* and *Sydney Basil Levy* for appellant.

*Thomas J. Craig* and *Leo D. Fitzgerald* for respondent.

OPINION *Per Curiam.* The exclusion of defendant's letter of July 12, 1943, offered for the purpose of showing waiver of the requirement of the policy that notice be given within a definite period, constituted error (7 Couch's Cyclopedia of Insurance Law, § 1578; see *Concordia Ins. Co.* v. *School Dist. No. 98,* 40 F. 2d 379, affd. 282 U. S. 545). Failure of the plaintiff to allege a waiver is not fatal in the light of defendant's failure to object to evidence concerning waiver on the ground that it was not within the issues tendered by the pleadings. (*Novak* v. *Melnyk,* 224 App. Div. 492, affd. 252 N. Y. 558; *Wachtel* v. *Equitable Life Assur. Soc. of U. S.,* 241 App. Div. 172, revd. on other grounds 266 N. Y. 345.)

Upon plaintiff's showing at the trial, he was entitled to go to the jury to determine (1) whether he was disabled during the period April 1st through April 4th (see 7 Couch's Cyclopedia of Insurance Law, § 1689), and if so, (2) whether, notwithstanding the fact that he worked between April 5th and April 24th, his disability was nevertheless a continuous one from the date of the accident, rather than a recurrence thereof. (*Brendon* v. *Traders & Travelers Acc. Co.,* 84 App. Div. 530; *Harasymczuk* v. *Massachusetts Accident Co.,* 127 Misc. 344; *Maer* v. *National Casualty Co.,* 266 App. Div. 3, motion for leave to appeal denied 266 App. Div. 767; *Continental Casualty Co.* v. *Matthis,* 150 Ky. 477, 481.) The fact that plaintiff previously sustained an injury to his hand does not bar his right to recover in this action. (*Silverstein* v. *Metropolitan Life Ins. Co.,* 254 N. Y. 81.)

The judgment should be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

SHIENTAG, MCLAUGHLIN and HECHT, JJ., concur.

Judgment reversed, etc.