## ALLEN v. SUPERIOR LIFE INS. CO.
### No. 965.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 16, 1950.

Decided Nov. 9, 1950.

I. H. Halpern, Washington, D. C., for appellant.

Samuel W. McCart, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellee insurance company issued a policy of industrial life insurance on the life of Flora Allen, naming appellant, her brother, as beneficiary. The insured died within less than one year after the policy was issued and the beneficiary made claim. On forms supplied by the company, the beneficiary (claimant) filed with the company proof of death, consisting of claimant's statement, physician's statement and undertaker's certificate, together with certified copy of death certificate. These papers indicated that insured died on May 4, 1949, at Gallinger Hospital; that an autopsy was performed, and that her death was caused by "Pneumonia Lobar, Toxemia."

The beneficiary refused to sign an authorization at the bottom of claimant's statement in the following form: "To All Physicians, Hospitals, Clinics, Dispensaries: Please permit the bearer, representing the Superior Life Insurance Company, to view your records regarding the history and treatment of my Sister, Flora Allen, who died May 4, 1949." The company did not pay the claim and beneficiary filed suit. The company's answer stated that it could not determine the beneficiary's rights until after a complete investigation and that such investigation could not be made until the beneficiary furnished the proofs and notices required in the policy. Apparently this referred to the beneficiary's failure to sign the above quoted authorization. After filing of exhibits and affidavits, both sides moved for summary judgment.

A memorandum of the trial judge recited that the parties stipulated "that the case may be disposed of by the decision of the following question of law: Does the Policy require the execution of the authorization appearing on the bottom of page 1 of the 'Proof of Death—Claimant's Statement' "? The same memorandum recited that the court ruled that the policy required execution of the authorization and that the company's motion for summary judgment was granted. This appeal questions the correctness of that ruling.

The policy was incontestable after two years, but in substance provided that, in case death occurred within the contestable period, the policy was voidable by the company if within two years prior to issue of the policy the insured had been treated for a serious disease. The policy also exempted from coverage death resulting from certain diseases contracted at any time before issue of policy or within one year thereafter.

It is the position of the company that it is entitled to know whether coverage is voidable or inoperative, that this can best be determined by the medical history of the insured, and that the requirement that the company be authorized to inspect the records of physicians and hospitals pertaining to insured is not arbitrary but is reasonable and necessary; and that until such authorization is given it may withhold decision on its liability under the policy.

The rights and obligations of the parties must be determined by the policy. Nowhere in the policy is it expressly provided that the company has the right to receive, or the beneficiary the duty to furnish, such authorization. If such right or duty exists, it must be spelled out from the provisions relating to proof of death. Payment under the policy is conditioned on receipt of due proof of death. Proof of death is defined

by the policy as due proof of death of insured while the policy is in force. The policy requires that all proofs be executed in the form prescribed by the company.

Can the requirement of furnishing due proof of death be construed to include furnishing authority to inspect records regarding the history and treatment of insured by any doctor or hospital at any time? We think not. In the first place, furnishing of authority is not supplying proof. In the second place, proof of death must have some relation to death itself, but the authorization here sought is broad enough to enable the company to search for matters conceivably having no relation to the death of insured but sufficient to furnish grounds for voiding the policy. Of course the company is entitled to make such a search by any means available to it but it has no right, under the proof of death requirement, to force the beneficiary to aid it in that search. See McCaffry v. Metropolitan Life Insurance Co., 172 Misc. 252, 14 N.Y.S.2d 192, affirmed, 261 App. Div. 452, 25 N.Y.S.2d 926, affirmed without opinion, 287 N.Y. 704, 39 N.E.2d 306. Reversed.