**UNITED STATES of America,**
**Plaintiff,**

v.

**Solomon FRIED and New York Life Insurance Company, Defendants.**

**Civ. No. 15371.**

United States District Court
E. D. New York.

April 18, 1960.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. New York, Brooklyn, N. Y., (Elliott Kahaner, Chief Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for plaintiff.

Morris K. Siegel, New York City, Solomon Fried (Vincent J. Crowe, New York City, of counsel), for defendant.

Harry J. McCallion, New York City (Edwin M. Jones, Harry F. X. Hammer, New York City, of counsel), for defendant New York Life Ins. Co.

BRUCHHAUSEN, Chief Judge.

The Government in this action desires the following relief:

1. A money judgment against the defendant Solomon Fried for the amount of tax due, plus interest and costs.

2. A judgment directing the New York Life Insurance Company to pay to the United States of America the cash surrender value due under policies numbered 11 735 306, 17 808 112 and 20 334 470, issued by the said Company in the name of Solomon Fried.

3. Judgment directing the said Company to continue to pay the disability benefits due Solomon Fried under the five policies numbered 8 232 096, 9 175 941, 10 116 440, 10 116 441 and 10 990 021, issued by the said Company in the name of Solomon Fried, and the cash surrender value of these policies at the time of his death.

The facts in this case are undisputed. The defendant, Solomon Fried, owes arrears of income taxes in the sum of $191,032.99. There are eight outstanding life insurance policies on his life. The Government has been collecting disability benefits on the five policies, listed in paragraph 3, supra.

The said defendant moved for a dismissal of the complaint upon the ground that Ilene Fried, the beneficiary of these eight policies, an indispensable party, was not joined as a defendant.

The question presented is whether the said beneficiary, Ilene Fried, is an indispensable party to this action.

■ The test whether a party is indispensable is set forth in the leading case of Shields v. Barrow, 1854, 17 How. 129, 130, 139, 15 L.Ed. 158, wherein the Court stated:

"Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

In 67 C.J.S. Parties § 1, p. 892, an indispensable party is defined as:

"An indispensable party is a party who has such an interest in the controversy or subject matter that a final adjudication cannot be made, in his absence, without injuring or affecting such interest."

■ In the case at bar the said beneficiary has a vested property right subject to divestment. The defendant, Solomon Fried, has reserved to himself full control, among other things, to receive the cash surrender value of the policies and the right to change the beneficiary, that can be accomplished by complying with the specific terms of the contract.

The Government contends that the said Ilene Fried is at most a contingent beneficiary and her rights may be divested at the whim of the assured. This is true.

However, until the assured divests the beneficiary of her vested property rights in accordance with the terms and conditions of the contract, her rights are vested and cannot be summarily disposed of. United States v. Metropolitan Life Insurance Co., D.C., 41 F.Supp. 91.

The Government also urges that whether or not the beneficiary is changed, the lien would follow the proceeds and attach to the cash surrender value. The beneficiary would still be responsible for the payment to the Government of the surrender value at the time of death. United States v. Behrens, 2 Cir., 230 F. 2d 504. This situation would create a dispute between the Government and the beneficiary, because the interest of the beneficiary would be affected. Inasmuch as the beneficiary is not a party to this action, the Court's final determination would not be binding upon her. In the event the assured predeceases the beneficiary, she has the right to assert her claim against the insurer for the proceeds of the policies. The insurer would be subject to a second suit brought by the beneficiary to recover the proceeds, and possibly double liability.

The granting of the Government's prayer for relief will either diminish or completely extinguish her rights as beneficiary. It is apparent, therefore, that the case at bar is governed by the rule of Shields v. Barrow, supra, and that the beneficiary is an indispensable party to this action.

■ The Government should be afforded a reasonable opportunity to bring in Ilene Fried, as a party defendant. The practice in such matters is liberal. See Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A.; Yorkshire Insurance Co. v. United States, 3 Cir., 171 F.2d 374 and United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 382, 70 S.Ct. 207, 94 L.Ed. 171. However, if that course is not pursued within the time specified in the order on this motion, the complaint will be dismissed, without prejudice.

Settle order on thirty days' notice.

**374**

### Amended Opinion

This amended opinion is to be incorporated and made part of the main opinion of the above entitled action, filed April 18, 1960.

██ The Government is entitled to a money judgment in the sum of $191,032.-99 the amount of tax due, together with interest and costs. The New York Life Insurance Company is directed to continue payments of the disability benefits due Solomon Fried under policies numbered 8 232 096, 9 175 941, 10 116 440, 10 116 441 and 10 990 021 to the United States Government.