UNITED STATES of America,
Plaintiff-Appellee,

v.

Solomon FRIED and Ilene Fried,
Defendants-Appellants,
and
New York Life Insurance Company,
Defendant.

No. 35, Docket 26982.

United States Court of Appeals
Second Circuit.

Argued Nov. 13, 1962.

Decided Nov. 20, 1962.

Stanton H. Zarrow, atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Roth-wacks, Atty., Dept. of Justice, Washington, D. C., and Joseph P. Hoey, U. S. Atty., E. D. N. Y., on the brief), for plaintiff-appellee.

Vincent J. Crowe, New York City (Siegel & Crowe, New York City, on the brief), for defendants-appellants.

Before LUMBARD, Chief Judge, and WATERMAN and MARSHALL, Circuit Judges.

PER CURIAM.

This is an appeal by Solomon and Ilene Fried from a judgment of the United States District Court for the Eastern District of New York, Bruchhausen, J., granting the Government's motion for summary judgment. Solomon Fried is the insured on eight insurance policies issued by the New York Life Insurance Company. Each of the policies designates his wife, Ilene Fried, as the beneficiary and each reserves to Solomon Fried the right to change the beneficiary and the right to withdraw the cash surrender value. In 1955 the Government, alleging income tax deficiencies against Fried, brought an action in the United States District Court for the Eastern District of New York to reduce the taxpayer's liability to judgment and to enforce its lien against the cash surrender value of the eight policies. See United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135. Judge Bruchhausen entered a judgment for the Government in the amount of the tax due; he also ruled that Ilene Fried, as beneficiary, was an indispensable party in any action to foreclose against the policies and gave the Government a reasonable time to join her as a party defendant. United States v. Fried, 183 F.Supp. 371 (E.D.N.Y. 1960). After Mrs. Fried had been properly joined as a defendant, Judge Bruchhausen granted the Government's motion for summary judgment and directed the New York Life Insurance Company, also a defendant, to pay to the Government the cash surrender value of the policies.

Mrs. Fried's answer to the complaint claimed that she had "paid the premiums for the life insurance policies referred to

in the complaint and as such is the true owner of said policies, and defendant Solomon Fried has no financial or other economic interest in said policies." We think that the District Court was correct in ruling that this pleading raised "no genuine issue as to any material fact." Rule 56(c), Federal Rules of Civil Procedure. Appellant has pointed to no New York holding that mere payment of premiums by a beneficiary, without more, acts to vest title to the policy in the beneficiary, particularly when the insured retains the right to change the beneficiary and to withdraw the cash surrender value. Such cases as there are, although they are not directly in point, would seem to be to the contrary. See McCaffry v. Metropolitan Life Insurance Co., 172 Misc. 252, 14 N.Y.S.2d 192, 198 (Sup.Ct.1939), aff'd, 261 App.Div. 452, 25 N.Y.S.2d 926 (App. Div.1941), aff'd, 287 N.Y. 704, 39 N.E.2d 306 (1942); Baley v. Prudential Insurance Co., 147 Misc. 488, 263 N.Y.S. 244 (Sup.Ct.1933); Nix v. Donovan, 18 N.Y.S. 435 (City Ct.1892).

Affirmed.