In an action, inter alia, to recover damages for breach of an insurance policy, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered December 15, 2011, as granted the defendant’s motion for summary judgment dismissing the complaint and on its first through twelfth counterclaims.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant in November 2004, seeking to collect the proceeds of a $10 million life insurance policy, issued by the defendant, insuring the life of “Hassan Khan.” In February 2008, the plaintiff pleaded guilty in federal court to one count of conspiracy to commit mail fraud and eight counts of mail fraud for his role in a scheme to defraud various insurance companies. During his plea allocution, the plaintiff admitted that between October 2000 and March 2004 he and his brother obtained life insurance policies which insured the life of a fictitious person named “Hassan Khan,” and which named the plaintiff as beneficiary. The plaintiff admitted that in 2004, in order to recover benefits under the policies, he submitted fraudulent death certificates that stated that Khan had died in Pakistan.
In August 2011, the defendant moved for summary judgment dismissing the complaint and on its first through twelfth counterclaims, which sought, inter alia, to rescind all the policies it issued to the plaintiff and his brother. The Supreme Court granted the defendant’s motion.
The defendant established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, a transcript of the plaintiff’s plea allocution, which demonstrated that the plaintiff did not, and could not, furnish valid proof of death of the named insured, Hassan Khan, as required under the life insurance policies (see Kreinowitz v New York Life Ins. Co., 2 NYS2d 826, 827 [1938]; McCaffry v Metropolitan Life Ins. Co., 172 Misc 252, 258 [Sup Ct, Westchester County 1939]; cf. Imbrey v Prudential Ins. Co., 286 NY 434, 436 [1941]). In opposition, the plaintiff failed to raise a triable issue of fact (see Kreinowitz *930 v New York Life Ins. Co., 2 NYS2d at 827; cf. Goldstein v New York Life Ins. Co., 225 App Div 642, 646 [1929]).
The parties’ remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint and on its first through twelfth counterclaims.
Balkin, J.R, Dickerson, Roman and Miller, JJ., concur.